May 11, 2023

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Popovchak et al. v. UnitedHealth Group Incorp. et al.*, No. 1:22-cv-10756-VEC, Joint Letter

Dear Judge Caproni:

On behalf of Plaintiffs Alexandra Popovchak, Oscar Gonzalez, and Melanie Webb (collectively, "Plaintiffs") and Defendants UnitedHealth Group Incorporated, United Healthcare Insurance Company, United Healthcare Services, Inc., and United Healthcare Service LLC (collectively, "Defendants" or "United"), the undersigned submit this joint letter as directed in the Notice of Initial Pretrial Conference (ECF No. 28, at 2; ECF No. 31.). The parties also attach to this letter their jointly proposed case management plan and proposed order.

### 1. Brief Description of the Case: Factual and Legal Bases for the Claims and Defenses

Plaintiffs allege that United violated the terms of the Plaintiffs' employer-sponsored health benefit plans and breached its fiduciary duties to Plaintiffs and their plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. As alleged in the Amended Complaint, the written terms of the Plaintiffs' plans required United to determine the amount of benefits due for services provided by out-of-network healthcare providers based on "competitive fees" charged by providers in the same geographic area. Plaintiffs further allege that, even though data on competitive fees is readily available to United in a public database maintained by an organization called FAIR Health, United instead determined Plaintiffs' benefits using discounted rates set by vendors known as "Repricers" that, according to Plaintiffs, do not reflect competitive fees charged by providers for a given service, but instead are based on amounts insurance companies have historically paid for the service. Plaintiffs also allege that United impermissibly collects a so-called "savings fee," a percentage of the difference between the provider's actual billed charge and the discounted Repricer rate.

Plaintiffs bring four counts against United under ERISA, asserting the following claims:

1. Wrongful denial of benefits, asserted under 29 U.S.C. § 1132(a)(1)(B), or in the alternative, under 29 U.S.C. § 1132 (a)(3);
2. Breach of fiduciary duty (for injuries to the Plaintiffs), asserted under 29 U.S.C. § (a)(3), or in the alternative 29 U.S.C. § 1132(a)(1)(B);
3. Breach of fiduciary duty (for injuries to the Plaintiffs' plans), asserted under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a); and
4. Co-fiduciary liability, asserted under 29 U.S.C. §§ 1132(a)(1)(B), (a)(2) & (a)(3) and 29 U.S.C. § 1105(a).

United contends that the terms of Plaintiffs' plans do not exclusively require use of FAIR Health data in determining reimbursement rates, and that its decision to use third-party vendor data in certain circumstances is both consistent with the terms of Plaintiffs' plans and United's fiduciary duties under ERISA. United also maintains that Plaintiffs' claims of fiduciary breach are not cognizable because they duplicate Plaintiffs' benefits claims under ERISA.

### 2. Any Contemplated Motions

Defendants intend to file a motion to dismiss the Amended Complaint, which Plaintiffs will oppose. Plaintiffs anticipate filing a motion for class certification after class discovery is complete, which Defendants will oppose. Defendants may move for summary judgment following the close of discovery and a ruling on any class certification motion. Plaintiffs will oppose any summary judgment motion filed by Defendants. Plaintiffs have not yet determined whether they will file a summary judgment motion.

### 3. Basis for Subject Matter Jurisdiction

Subject-matter jurisdiction is appropriate over Plaintiff's claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA).

### 4. Prospect for Settlement

At present, the parties are not ready to discuss settlement. However, the potential for productive settlement discussions is likely to change as the case develops.

### 5. Rule 16 Conference

The parties are prepared to discuss all aspects of the proposed case management plan at the Initial Pretrial Conference currently scheduled for May 19, 2023.

### 6. Fair Labor Standards Act

This case does not involve claims that arise under the Fair Labor Standards Act, and thus Plaintiffs do not intend to move for certification of a collective.

### 7. Fact Discovery

Given the complexity of this putative class action, the parties have proposed more than four months to conduct fact discovery.

Plaintiffs anticipate conducting extensive fact discovery relevant to their claims and United's defenses, including, but not limited to, information about: (1) the putative class members; (2) how United determines Eligible Expenses for out-of-network healthcare services when administering claims under the employer-sponsored health benefit plans it administers, including how it decides to apply Repricer data rather than competitive fees for some claims; (3) how United determines when and how much to charge plans for its savings fees, and the total amount of savings fees United collected with respect to the Plaintiffs' and class members' claims; (4) how United communicates with its self-funded plan customers about its "shared savings initiative"; and (5) United's agreements with the Repricers and how United passes to the Repricers a percentage of the savings fees it collects from plans.

Defendants also anticipate conducting fact discovery including, but not limited to, information about: (1) the services Plaintiffs have received from out-of-network healthcare providers; (2) payments made by Plaintiffs for out-of-network healthcare services; and (3) Plaintiffs' communications with their out-of-network healthcare providers and with United.

The inclusion of the topics listed above by each of the parties does not constitute an admission by the opposing party as to the relevance or propriety of those topics in discovery.

Respectfully submitted,

*/s/ Caroline E. Reynolds*

Caroline E. Reynolds
*Counsel for Plaintiffs*

*/s/ Heather L. Richardson*

Heather L. Richardson
*Counsel for Defendants*

cc: All Counsel
     Enclosure

**CERTIFICATE OF SERVICE**

I certify that, on May 11, 2023, I caused the foregoing motion to be filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Caroline E. Reynolds*