**GIBSON DUNN**

MEMO ENDORSED

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

James Hallowell
Direct: +1 212.351.3804
Fax: +1 212.351.5266
JHallowell@gibsondunn.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/16/2023

May 15, 2023

The Honorable Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, NY 10007

Re:   *Popovchak et al. v. UnitedHealth Group Inc. et al.*, 22-cv-10756-VEC

Dear Judge Caproni:

  I write as counsel for Defendants in the above-captioned action, to request permission to seal Exhibit 3 to the Declaration of Jane Stalinski in support of Defendants' motion to dismiss, filed contemporaneously herewith. In accordance with Rule 5(B) of the Court's Individual Practices in Civil Cases, Defendants will file (1) a copy of the exhibit with proposed redactions on the Court's public docket, and (2) an unredacted copy, with the proposed redactions highlighted, under seal.

  Exhibit 3 is a November 7, 2022 letter issued by Defendant United Healthcare Services, Inc. to Susan Urso, regarding a request submitted by Ms. Urso on behalf of Plaintiff Oscar Gonzalez. This letter contains identifying information about Plaintiff Gonzalez (his birth date, home address, and insurance Member ID), as well as protected health information (the name of his healthcare provider and the date of services received) that Defendants are required to keep confidential under the Health Insurance Portability and Accountability Act of 1966 and associated regulations ("HIPAA"). *See* Pub. L. No. 104–191, 110 Stat. 1936 (1996); 45 C.F.R. §§ 164.501 and 160.103. In light of Plaintiff Gonzalez's privacy interests and Defendants' obligations under HIPAA, Defendants respectfully request to seal the unredacted version of Exhibit 3. I have conferred with counsel to Plaintiffs and confirm that they consent to this request.

  The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

  Here, the proposed redactions are narrowly applied to Plaintiff Gonzalez's personal identifying information and protected health information. These details "shed[] almost no light on . . . the substance of the underlying proceeding" and "play only a negligible role in the performance of Article III duties." *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Therefore, "the weight of the presumption" of public access to this information "is low." *Id.* By contrast, Plaintiff Gonzalez "maintains

GIBSON DUNN

May 15, 2023
Page 2

significant privacy rights to [his] medical information," and Defendants are subject to legal obligations under HIPAA to refrain from public disclosure of such information. *See Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Indeed, courts in this district routinely order documents containing sensitive medical information to be filed under seal. *See, e.g., id.*, 2020 WL 7646892 at *2 (commenting that courts "regularly seal" documents including protected health information); *McGuirk v. Swiss Re Fin. Servs. Corp.*, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Dilworth v. Goldberg*, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."). Accordingly, Defendants' request to seal the unredacted version of Exhibit 3 should be granted because "Plaintiff['s] privacy interests and Defendants' legal obligations outweigh the presumption of public access." *See Valentini*, 2020 WL 7646892 at *2.

Defendants respectfully ask that the Court issue an order permitting the redaction of Exhibit 3 to the Declaration of Jane Stalinski.

Respectfully submitted,

*/s/ James L. Hallowell*
James L. Hallowell

cc: All counsel of record (via ECF)

---

Application GRANTED. Exhibit 3 to the Declaration of Jane Stalinski may remain redacted.

SO ORDERED.

*Valerie Caproni*
05/16/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE