



Caroline E. Reynolds
Zuckerman Spaeder LLP
creynolds@zuckerman.com
(202) 778-1859

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/15/2023
```

VIA ECF

June 14, 2023

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Popovchak et al. v. UnitedHealth Group Incorp. et al.*, No. 1:22-cv-10756,
Request to Seal.

Dear Judge Caproni:

On the behalf of Plaintiffs Alexandra Popovchak, Oscar Gonzalez, and Melanie Webb ("Plaintiffs"), I write to request permission to seal Exhibit 4 and Exhibit 5 in support of Plaintiffs' Opposition to the Defendants' Motion to Dismiss, which is being filed contemporaneously with this letter. Pursuant to Rule 5(B)(ii) of the Court's Individual Practices in Civil Cases, Plaintiffs will file (1) a copy of each exhibit with proposed redactions on the Court's public docket, and (2) an unredacted copy of each exhibit under seal.

Exhibit 4 is a December 4, 2021 letter issued by Defendant UnitedHealthcare to Plaintiff Alexandra Popovchak, denying her first-level appeal regarding coverage of services at issue in the Amended Complaint. ECF No. 35. Exhibit 5 is a March 28, 2022 letter issued by Defendant UnitedHealthcare to Alexandra Popovchak, denying her second-level appeal. Both denial letters contain personally identifying information about Plaintiff Popovchak (home address, insurance Group Number, and insurance ID Number) and protected health information (Transaction Number of medical services provided) that are confidential under the Health Insurance Portability and Accountability Act of 1966 and associated regulations ("HIPAA"). *See* Pub. L. No. 104-191, 110 Stat. 1936 (1996); 45 C.F.R. §§ 164.501 and 160.103. Given Plaintiff Popovchak's privacy interests in protecting her confidential information, Plaintiffs respectfully request to seal the unredacted version of Exhibits 4 and 5.

The presumption of public access to judicial documents can be overcome by a number of countervailing interests, such as the preservation of a party's privacy interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts weigh the presumption

of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995). The presumption may be overcome and "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Here, the minimal, proposed redactions are narrowly tailored to Plaintiff Popovchak's personally identifying information and protected health information. Further, the redacted information—Plaintiff's address and insurance-related member and transaction numbers—"sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). By contrast, Plaintiff Popovchak has significant privacy interests in her personally identifying information related to the medical services she received. Further, courts in this Circuit regularly seal documents containing confidential medical information. *See McGuirk v. Swiss Re Fin. Servs. Corp.*, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Dilworth v. Goldberg*, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."); *see also Wheeler–Whichard v. Doe*, 2010 WL 3395288, at *7 (W.D.N.Y. Aug.25, 2010) (noting that courts routinely file medical records under seal).

Defendants UnitedHealth Group Incorporated, United Healthcare Insurance Company, United Healthcare Services, Inc., and United Healthcare Service LLC consent to this request.

Plaintiffs thus respectfully ask that the Court issue an order permitting the redaction of Exhibits 4 and 5.

Respectfully submitted,

/s/ Caroline E. Reynolds

Caroline E. Reynolds
*Counsel for Plaintiffs*

cc: Counsel of Record

## CERTIFICATE OF SERVICE

    I certify that, on June 14, 2023, I caused the foregoing motion to be filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Caroline E. Reynolds*

---

Application GRANTED. Exhibits 4 and 5 in support of Plaintiffs' opposition to Defendants' motion to dismiss may remain redacted.

SO ORDERED.

*[signature]* 06/15/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE