USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ALEXANDRA POPOVCHAK, OSCAR
GONZALEZ, and MELANIE WEBB
individually and on behalf of all others similarly
situated,

                    Plaintiffs,

        v.

UNITEDHEALTH GROUP
INCORPORATED, UNITED HEALTHCARE
INSURANCE COMPANY, UNITED
HEALTHCARE SERVICES, INC., and
UNITEDHEALTHCARE SERVICE LLC,

                    Defendants.

No. 1:22-CV-10756-VEC

**STIPULATED DISCOVERY**
**PROTECTIVE ORDER**

**STIPULATED DISCOVERY PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the

disclosure of confidential information, and pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, the Health Insurance Portability and Accountability Act of 1996, and the Standards

for Privacy of Individually Identifiable Health Information, 45 C.F.R. § 164.512, the parties,

through their undersigned counsel, hereby stipulate and agree to the entry of the following

Stipulated Protective Order ("Order") to govern the exchange and use of discovery materials and

testimony that the parties regard as confidential in this litigation. In entering this Order, the Court

also hereby authorizes the parties to produce, in accordance with the provisions governing

Confidential Health Information in this Order, Documents at issue in this action.

        1.      This Order shall govern any record of information or materials produced in this

action, including designated deposition testimony, all designated testimony taken at a hearing or

other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents, excerpts from documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Order shall also govern any designated record of information or materials produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

2.      This Order shall apply to the parties and any non-parties that produce documents and information in the action, to the extent they are subject to this Court's jurisdiction. The parties agree that they will treat Confidential Information produced by non-parties according to the terms of this Order.

3.      Any party to this litigation and any non-party shall have the right to designate its own documents, information, data, things, or any materials produced by any other party or non-party in this action, as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and subject to this Order any information, document, thing, or portion of any document or thing that falls within these categories, as defined below. The party or non-party making the designation shall be considered the Designating Party. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order.

4.      The term **"Confidential Information"** shall mean any information, document, thing, or portion of any document or thing: (a) that contains trade secrets or other competitively sensitive confidential business information, (b) that contains Confidential Health Information, as defined below, or other private or confidential personal information, (c) that contains information received from third parties that is subject to a legal obligation to maintain its confidentiality, or

(d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

5.     **"Confidential Health Information"** shall constitute a subset of "Confidential Information," and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual in any manner <u>and</u> relates to past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. "Confidential Health Information" includes, but is not limited to: medical bills, claim forms, claim data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, and other documents or records that contain any patient health information required to be kept confidential under any local, state, or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), <u>and</u> any of the following subscriber, patient, or member identifiers:

a.     names;

b.     all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code;

c.     all elements of dates (except year) for dates directly related to an individual, including birth date, age, and date of death;

d.     telephone numbers;

3

e.    fax numbers;

f.    email addresses;

g.    Social Security Numbers;

h.    medical record numbers;

i.    health plan beneficiary numbers;

j.    account numbers;

k.    certificate/license numbers;

l.    vehicle identifiers and serial numbers, including license plate numbers;

m.    device identifiers and serial numbers;

n.    web universal resource locators ("URLs");

o.    internet protocol ("IP") address numbers;

p.    biometric identifiers, including finger and voice prints;

q.    full face photographic images and any comparable images; and/or

r.    any other unique identifying number, characteristic, or code.

In addition to the other limitations on the use of Confidential Information, the Designating Party may redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients. All documents produced by a party that contain Confidential Health Information shall not be used by any party to the litigation for any purpose other than the litigation.

6.    Nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such

disclosure the information becomes public knowledge. Similarly, the Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

7.     The term **"Expert"** shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party as an expert to receive another party's Confidential Information, including Confidential Health Information. Each party's Experts shall be limited to such persons as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services, such as expert testimony, or otherwise assist in trial preparation.

8.     **"Highly Confidential—Attorneys' Eyes Only"** means "Confidential Information" that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a party could result in significant competitive or commercial disadvantage or personal harm to the Designating Party or to others. For example, any Confidential Health Information that Defendants may produce with respect to a member, subscriber, or patient other than the named plaintiffs in the action may be designated "Highly Confidential—Attorneys' Eyes Only."

9.     Designated Material shall be used or disclosed by the receiving party solely for purposes of the pursuit or defense of this litigation and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. Designated Material may be disclosed only to the following recipients (collectively "Qualified Recipients"), unless the

restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court:

a. *Parties:* Material designated "Confidential" may be disclosed to parties to the litigation or representatives, directors, officers, and employees of parties to the litigation, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the litigation for trial or settlement. Material designated "Highly Confidential—Attorneys' Eyes Only" may not be disclosed to representatives, directors, officers, or employees of the parties, except in-house counsel who has responsibility for overseeing the litigation or assisting counsel in preparing the litigation for trial or settlement.

b. *Witnesses:* Designated Material, including material designated "Confidential," may be disclosed to a witness in this litigation who is already aware of the subject matter of the Designated Material, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness. Designated Material identified as "Highly Confidential – Attorneys' Eyes Only" may be shown to witnesses only by stipulation of the Designating Party, unless such witness is a representative or current employee of the Designating Party who would already be aware of the content. Designated Material identified as "Highly Confidential – Attorneys' Eyes Only" and shown to a witness by stipulation of the Designating Party shall be shown only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition. Such material may not be retained by the witness. For the avoidance of doubt, any witness designated to testify on behalf of an organization pursuant to Federal Rule of Civil Procedure 30(b)(6) shall be

6

presumed for purposes of this paragraph to be aware of the subject matter of any Designated Material produced by that organization and the parties hereby stipulate that such designees may be shown any material identified as "Highly Confidential – Attorneys' Eyes Only" by that organization. Before Designated Material is disclosed pursuant to this paragraph, each such witness must agree to be bound by this Order, by signing the Agreement to Be Bound in the form attached hereto as Appendix A.

   c. *Experts:* Designated Material, including material designated "Highly Confidential—Attorneys' Eyes Only," may be disclosed to an Expert for the purpose of obtaining assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the Agreement to Be Bound in the form attached hereto as Appendix A.

   d. *Counsel:* Designated Material, including material designated "Highly Confidential—Attorneys' Eyes Only," may be disclosed to the parties' outside counsel of record and their associates, paralegals, and regularly employed office staff.

   e. *Litigation Vendors:* Designated Material may be provided as necessary to copying services, translators, e-discovery firms, litigation support firms, trial consultants, and mock jurors needed to assist a party or counsel in this litigation. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing the Agreement to Be Bound in the form attached hereto as Appendix A.

   f. *Authors or Recipients:* Designated Material may be provided as necessary to the persons listed on the document as authors or recipients (including copyees).

g.     *Designated Arbitrators or Mediators:* Upon agreement of the parties, Designated Material, including material designated "Highly Confidential—Attorneys' Eyes Only," may be provided as necessary to any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

h.     *Stenographers and Videographers:* Upon agreement of the parties, Designated Material, including material designated "Highly Confidential—Attorneys' Eyes Only," may be provided as necessary to stenographers and videographers engaged to transcribe or record depositions conducted in this action, provided that such individuals agree to be bound by this Order by signing the Agreement to Be Bound in the form attached at Appendix A.

i.     *Court and Court Personnel:* Designated Material, including material designated "Highly Confidential—Attorneys' Eyes Only," may be provided to the Court and its support personnel, and such disclosures shall be in accordance with the Court's filing procedures when made through a filing and in accordance with the procedures outlined in Paragraph 17 when made at any hearing or trial.

j.     *Stipulated Persons:* Designated Material may be disclosed to any other persons agreed to in writing by the Designating Party.

10.     Prior to disclosing or displaying any Designated Material to Qualified Recipients, counsel shall:

a.     Inform the person of the confidential nature of the Designated Material; and

b.      Inform the person that this Court has enjoined the use of the Designated

Material by them for any purpose other than this litigation and has enjoined the disclosure

of that information or documents to any other person.

11.     All Qualified Recipients shall hold Designated Material received from the

Designating Party in confidence; shall use the information only for purposes of this action and

for no other action; shall not use it for any business or other commercial purpose; and shall not

disclose it to any person, except as hereinafter provided. All information that has been designated

Confidential shall be carefully maintained so as to preclude access by persons who are not

qualified to receive such information under the terms of this Order.

12.     Counsel shall maintain a collection of executed Agreements to be Bound.

13.     Documents and things produced or furnished during the course of this action, by

either parties or non-parties, shall be designated as "Confidential" or "Highly Confidential—

Attorneys' Eyes Only" by placing on each page, each document (whether in paper or electronic

form), or each thing a legend substantially as follows: "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY." Material for which such stamping or

marking is impractical shall be designated by the Designating Party in a reasonably equivalent

way (*e.g.*, by letter identifying the Bates number and designation). Documents and things may

also be designated as "Confidential" or "Highly Confidential— Attorneys' Eyes Only" after

production, as described in Paragraph 25, below. A party may designate information disclosed at

a deposition as Confidential Information by requesting the reporter to so designate the transcript

at the time of the deposition.

14.     A producing person shall designate its discovery responses, responses to requests

for admission, briefs, memoranda, and all other papers sent to the Court or to opposing counsel

as containing Confidential Information when such papers are served or sent. However, an inadvertent failure to make a designation in accordance with this provision shall not constitute a waiver of the right to seek confidential treatment.

15.     In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly and filed under seal in compliance with all applicable Rules and orders of this Court.

16.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty (30) days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the thirty (30) days, the deposition transcript shall be treated as "Highly Confidential — Attorneys' Eyes Only." When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 9 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 9 of this Order and related transcript pages receive the same confidentiality designation as the original Designated Material.

17.     A party shall designate information disclosed at a hearing or trial as "Confidential Information" (or "Highly Confidential—Attorneys' Eyes Only") by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of court personnel and those persons designated to receive such information, and to designate the

transcript appropriately. Whenever such steps may be impractical, the party seeking to use the Designated Material will meet and confer with the Designating Party in advance of the hearing on appropriate procedures.

18.     The parties will use reasonable care to avoid designating documents or information that do not need to be designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" or that is generally available to the public. Additionally, no information that is already known by the receiving party through proper means or which is or becomes available to a party from a source, other than the Designating Party, rightfully in the possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information.

19.     All documents, including attorney notes and abstracts, that contain another party's Designated Material shall be handled as if they were designated pursuant to paragraph 3.

20.     Any party may designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" any document that is produced or disclosed without such designation by any third party, within thirty (30) days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information or Highly Confidential Information as defined above, in the following manner:

      a.     Parties to the litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the stamp or marking, to all other parties in possession or custody of such previously undesignated document. Any party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within fourteen (14) days of receipt of such notice (or such other time as may be agreed), return to the Designating Party all

undesignated copies of such document in their custody or possession, or alternately shall affix the stamp or marking to all copies of such designated document in their custody or possession.

b.      Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

21.      At any time after the delivery of Designated Material, counsel for the party receiving the Designated Material may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Designated Material. Such written notice shall identify the specific document or documents by Bates number (or, in the case of testimony, transcript page and line) and the basis for the objection. Counsel for the Designating Party shall respond in writing to such objection within twenty-one (21) days, and shall state with particularity the grounds for the designation. Counsel shall then confer in good faith in an effort to resolve the dispute. If the parties are unable to agree as to whether the designation of discovery material is appropriate, the Designating Party shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The Designating Party shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. If the Designating Party does not file a motion for protective order within twenty-one (21) days of providing its response to the objection, the Designated Material in dispute shall no longer be subject to confidential

treatment as provided in this Order. All Designated Material is entitled to treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court.

22.     If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Designated Material, the receiving party shall give prompt written notice to counsel for the Designating Party and allow an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of the Confidential Information, or subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

23.     Within sixty (60) days after the final disposition of this action, including through all appeals, each party and each other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing Designated Material and to certify to the producing party such destruction or return; provided, however, that counsel may retain for archival purposes complete copies of all transcripts and pleadings including any exhibits attached thereto, complete copies of any trial or appellate records, including exhibits, and attorney work product that may contain Designated Material, subject to the provisions of this Order, so long as such materials are kept confidential in accordance with the terms of this Order and applicable law. Any return or destruction shall not

relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

24.     This Court shall retain continuing jurisdiction beyond the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, pursuant to its contempt powers and with all other powers provided for in this Order.

25.     Inadvertent production of Designated Material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected by notifying the receiving parties of the designation of the material in writing. The receiving parties shall take reasonable steps to see that the information is treated in accordance with the designation, including taking all commercially reasonable steps to recover the inadvertently produced material from all recipients and reissuing the materials with the appropriate confidentiality designation to only Qualifying Recipients. It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation. However, nothing herein restricts the right of the receiving party to challenge the Designating Party's claim of confidentiality, if appropriate, within a reasonable time after receiving notification of the inadvertent or mistaken disclosure.

26.     In the event of an inadvertent disclosure of another party's Designated Material to a person other than a Qualified Recipient, the party making the inadvertent disclosure shall, promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Designated Material subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Designated Material by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the

non-Qualified Recipient; and (iii) notify the Designating Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

27.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the production. When a party receives notice of such production, it shall return all copies of produced material within three business days. Any notes or summaries referring or relating to any such produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any produced information or material. Each receiving party shall refrain from distributing or otherwise using the disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to: (i) stop reading such information or materials, (ii) notify counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct. In addition, nothing in this provision shall

permit the Designating Party to seek to withhold or "claw back" a previously produced document in this litigation if that document was the subject of deposition testimony in this litigation and the Designating Party did not provide notice, as described above, within thirty (30) days after the Designating Party's receipt of the transcript that the document was privileged or protected and should be returned.

28.     The production of materials and information shall not constitute a waiver in this litigation, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. The analysis of whether a disclosure of privileged material was inadvertent, whether the holder of the privilege took reasonable steps to prevent disclosure, and whether the holder of the privilege promptly took reasonable steps to rectify the error under Federal Rule of Evidence 502(b) shall not apply and is irrelevant in this case. This Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this litigation, whether inadvertent or otherwise, is not waived as a result of disclosure of those documents in connection with this litigation, and this Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this litigation. The fact of production of privileged information or documents by any producing party in this litigation shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the parties' legal rights to assert privilege claims over documents in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

29.     The foregoing is entirely without prejudice to the right of any person or entity at any time to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order by stipulation or Order of the Court; or to seek any other relief from the Court.

30.     The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party. For any discovery that was served on a non-party prior to the date of this Discovery Protective Order, the party who served the discovery shall provide the non-party with a copy of this Discovery Protective Order within five business days of the date this Order is entered by the Court.

31.     All notices that this Order requires to be sent to a particular party shall be sent via email to counsel for that party at the address listed in the signature block below.

32.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

33.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

34.     The Court also hereby authorizes the parties to produce, in accordance with the provisions governing Confidential Health Information in this Order, Documents concerning the benefits due for covered services from out-of-network providers that are at issue in this action. To the extent that any federal or state laws require the parties to obtain a Court order to produce these

17

Documents, this Order hereby satisfies this requirement. In authorizing and ordering production of the administrative record, this Order is without prejudice to either party's right to request additional information that may be considered Confidential Health Information (or the other party's right to object to any such request). Nothing in this paragraph shall be construed as overruling any other objection that a producing party may have to a discovery request calling for information that may be encompassed by this paragraph.

IT IS SO ORDERED, this 5th day of July, 2023.

_____
Valerie E. Caproni
United States District Judge

Dated: June 30, 2023

IT IS SO STIPULATED:

> Notwithstanding anything in this Order to the contrary, the parties must comply with the Undersigned's individual rules when filing documents that have been designated as confidential.

**ZUCKERMAN SPAEDER LLP**

/s/ D. Brian Hufford
D. Brian Hufford, Esq.
Jason S. Cowart, Esq.
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel. (212) 704-9600
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds, Esq. (*pro hac vice*)
Trillium Chang, Esq. (*pro hac vice*)
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800
creynolds@zuckerman.com
tchang@zuckerman.com

**COHEN HOWARD LLP**

Leslie Howard, Esq. (*pro hac vice* pending)
766 Shrewsbury Avenue, Suite 200

18

Tinton Falls, NJ 07724
Tel. (732) 747-5202
lhoward@cohenhoward.com

*Counsel for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ *James L. Hallowell*
James L. Hallowell
200 Park Avenue
New York, NY 10166
Tel. (212) 351-3804
JHallowell@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Lauren M. Blas
333 South Grand Avenue
Los Angeles, CA 90071
Tel. (213) 229-7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDRA POPOVCHAK, OSCAR GONZALEZ, and MELANIE WEBB individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., and UNITEDHEALTHCARE SERVICE LLC,<br><br>                Defendants. | No. 1:22-CV-10756-VEC<br><br><br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My employer's address is _____.

   My current occupation is _____.

2. I have received a copy of the Discovery Protective Order in this action. I have carefully read and understand the provisions of the Order.

3. I will comply with all of the provisions of the Discovery Protective Order and agree to be bound by the Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action any Designated Material that is disclosed to me.

1

4.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Protective Order any Designated Material or any words, summaries, abstracts, or indices of that material that may be disclosed to me.

5.  Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all Designated Material that came into my possession, and all documents and things that I have prepared relating thereto.

6.  I understand that the obligations of this undertaking and the provisions of the Discovery Protective Order continue past the termination of the action.

7.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Discovery Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:

Date:

2