UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEXANDRA POPOVCHAK, OSCAR
GONZALEZ, and MELANIE WEBB, individually
and on behalf of all others similarly situated,

                    Plaintiffs,

                                           Case No. 1:22-cv-10756-VEC

      -against-

UNITED HEALTHCARE SERVICES, INC. and
UNITED HEALTHCARE SERVICE LLC

                    Defendants.
------------------------------------------------------------x

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants United HealthCare Services, Inc. ("UHS Inc."), and United Healthcare Service LLC ("UHS LLC," and, together with UHS Inc., "Defendants")[1], by and through their undersigned counsel, hereby answer the First Amended Class Action Complaint (the "Complaint") filed by Plaintiffs Alexandra Popovchak, Oscar Gonzalez, and Melanie Webb.

Defendants submit this answer for themselves only, and do not purport to answer for any other entity or company, including but not limited to any entity which may be affiliated with Defendants.  Defendants deny any and all liability.  For ease of reference only, the capitalized terms used herein shall be used in the same manner as they are in the Complaint.  Defendants deny all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  Any factual allegation below is admitted only as to the specific admitted facts, not as to

---

[1] The Court dismissed all claims against two other entities:  UnitedHealth Group Incorporated and United Healthcare Insurance Company.  Dkt. 60 at 30–34, 37.  Accordingly, this answer is filed only on behalf of Defendants United HealthCare Services, Inc. and United Healthcare Service LLC.

any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts.  In addition, Defendants deny any averments in the headings, subheadings, and, unless otherwise noted, footnotes of the Complaint.  Defendants deny that Plaintiffs or any putative class is entitled to the relief requested or any other relief.

## SPECIFIC RESPONSES

### "INTRODUCTION"

1.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 1.

2.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 2.

3.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 3.

4.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 4.

5.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 5.

### "THE PARTIES"

6.      Defendants admit that Popovchak is a beneficiary of the Morgan Stanley Health Benefits and Insurance Plan (the "Morgan Stanley Plan"), the terms of which are set forth in the

plan's Summary Plan Description ("SPD").  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 6 and therefore deny them on that basis.

7.      Defendants admit that Gonzalez is a beneficiary of the Fresenius Medical Care Premium Medical Plan (the "Fresenius Plan"), the terms of which are set forth in the plan's SPD. Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 7 and therefore deny them on that basis.

8.      Defendants admit that Webb is a beneficiary of the Fresenius Plan, the terms of which are set forth in the plan's SPD.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 8 and therefore deny them on that basis.

9.      Paragraph 9 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

10.     Paragraph 10 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

11.     Defendants admit the allegations contained in Paragraph 11.

12.     Paragraph 12 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

13.     Defendants admit the allegations contained in Paragraph 13.

14.     Paragraph 14 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

15.     Paragraph 15 contains impermissible group pleading, Dkt. 60 at 5 n.5, 33, to which no response in required.

**"JURISDICTION AND VENUE"**

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 16.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants admit that some plan beneficiaries live in this District, and otherwise deny any factual allegations stated or implied in Paragraph 17.

18.     Paragraph 18 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 18.

19.     Defendants admit that UHS Inc. and UHS LLC conduct some business in this District.

## "FACTUAL ALLEGATIONS"

20.     Paragraph 20 contains impermissible group pleading, Dkt. 60 at 5 n.5, 33, to which no response in required.  Paragraph 20 also appears to allege facts about a party against whom all claims have been dismissed, to which no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. and UHS LLC administer plans governed by ERISA.

21.     Paragraph 21 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that UHS Inc. and UHS LLC administer plans pursuant to the terms of those plans.

22.     Paragraph 22 contains conclusions of law to which no response is required.  Paragraph 22 also appears to allege facts about a party against whom all claims have been dismissed, to which no response is required.  To the extent a response may be deemed to be

required, Defendants admit that a majority of plans administered by UHS Inc. and UHS LLC are self-funded.  Defendants deny any other factual allegations stated or implied in Paragraph 22.

23.     Paragraph 23 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

24.     Paragraph 24 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

25.     Paragraph 25 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

26.     Paragraph 26 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

27.     Paragraph 27 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

28.     Paragraph 28 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

29.     Paragraph 29 alleges facts about a party against whom all claims have been dismissed, and therefore no response is required.

30.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 30 and therefore deny them on that basis.

31.     Paragraph 31 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 31.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 32.

33.     Paragraph 33 contains conclusions of law to which no response is required.

34.     Paragraph 34 contains conclusions of law to which no response is required.

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Defendants admit there are providers in Defendants' networks with whom it has negotiated rates for services provided to members of Defendants' plans.   Under many circumstances, those in-network providers cannot bill patients for more than those negotiated rates. Defendants deny any other factual allegations stated or implied in Paragraph 36.

37.     Paragraph 37 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that out-of-network providers do not have network contracts with Defendants, although those providers may have other types of contracts with Defendants.  Defendants deny any other factual allegations stated or implied in Paragraph 37.

38.     Paragraph 38 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 38.

39.     Paragraph 39 purports to characterize a document, which speaks for itself, and therefore no response is required.  Paragraph 39 also contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 39.

40.     Paragraph 40 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 40.

41.     Paragraph 41 purports to characterize a document, which speaks for itself, and therefore no response is required.  Paragraph 41 also contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 41.

42.     Paragraph 42 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 42.

43.     Paragraph 43 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 43.

44.     Paragraph 44 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 44.

45.     Paragraph 45 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 45.

46.     Defendants admit that UHS Inc. and UHS LLC may use FAIR Health Charge Data depending on the terms of a given plan.  Defendants deny any other factual allegations stated or implied in Paragraph 46.

47.    Defendants admit that FAIR Health manages a database of privately billed health insurance claims.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 47 and therefore deny them on that basis.

48.    Defendants admit that they were parties to a settlement with the New York Attorney General, and that FAIR Health was established in 2009 after that settlement.  Defendants deny any other factual allegations stated or implied in Paragraph 48.

49.    Paragraph 49 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 49.

50.    Defendants admit that FAIR Health manages a database of privately billed health insurance claims.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 50 and therefore deny them on that basis.

51.    Defendants admit that FAIR Health manages a database of privately billed health insurance claims.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 51 and therefore deny them on that basis.

52.    Defendants admit that FAIR Health manages a database of privately billed health insurance claims.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 52 and therefore deny them on that basis.

53.    Paragraph 53 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 53.

54.     Defendants admit that FAIR Health manages a database of privately billed health insurance claims.  Defendants deny any other factual allegations stated or implied in Paragraph 54.

55.     Paragraph 55 purports to characterize a document, which speaks for itself, and therefore no response is required.  Defendants further lack information sufficient to admit or deny the allegations contained in Paragraph 55 and therefore deny them on that basis.

56.     Paragraph 56 purports to characterize a document, which speaks for itself, and therefore no response is required.  Defendants further lack information sufficient to admit or deny the allegations contained in Paragraph 56 and therefore deny them on that basis.

57.     Defendants admit that they may use data from both FAIR Health and other sources to calculate eligible expenses depending on the terms of a given plan.  Defendants deny any other factual allegations stated or implied in Paragraph 57.

58.     Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 60 and therefore deny them on that basis.  Paragraph 60 also purports to characterize a document, which speaks for itself, and therefore no response is required.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 63 and therefore deny them on that basis.

64. Paragraph 64 contains conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 64.

65. Paragraph 65 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 65.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 66

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 67.

68. Given the absence of relevant details, Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 68 and therefore deny them on that basis.

69. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 69 and therefore deny them on that basis. Paragraph 69 also purports to characterize a document, which speaks for itself, and therefore no response is required.

70. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 70 and therefore deny them on that basis. Paragraph 70 also purports to characterize a document, which speaks for itself, and therefore no response is required.

71. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 71 and therefore deny them on that basis.

72.     Given the absence of relevant details, Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 72 and therefore deny them on that basis.

73.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 73 and therefore deny them on that basis.  Paragraph 73 also purports to characterize a document, which speaks for itself, and therefore no response is required.

74.     Paragraph 74 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 74.  Defendants specifically deny that they acted for their self-interest at the expense of plans or beneficiaries.

75.     Defendants admit that they may be paid administrative fees pursuant to their agreements with plan sponsors.  Defendants deny any other factual allegations stated or implied in Paragraph 75.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Paragraph 77 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants admit that the saving fee charged, if any, is based on the agreement with the plan sponsor, and varies by plan sponsor.  Defendants deny any other factual allegations stated or implied in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants admit that vendors may receive a percentage of a savings fee. Defendants deny any other factual allegations stated or implied in Paragraph 81.

82.     Defendants deny the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants admit that ONET providers do not have network contracts with UHS Inc. or UHS LLC, as described in Plaintiffs' plans.  Defendants deny any other factual allegations stated or implied in Paragraph 84.

85.     Defendants admit that ONET providers do not have network contracts with UHS Inc. or UHS LLC, as described in Plaintiffs' plans.  Defendants deny any other factual allegations stated or implied in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants admit that a jury rendered a verdict against UHIC in the listed case, and that the verdict is on appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 91 and therefore deny them on that basis.

92.     Defendants admit the allegations contained in Paragraph 92.

93.     Defendants admit the allegations contained in Paragraph 93.

94.     Defendants admit the allegations contained in Paragraph 94.

95.     Defendants otherwise lack information sufficient to admit or deny the allegations in Paragraph 95 and therefore deny them on that basis.

96.     Defendants admit that they had not negotiated a rate with out-of-network providers, as described in Plaintiffs' plan SPDs.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 96 and therefore deny them on that basis.

97.     Paragraph 97 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 97.

98.     Defendants admit the allegations contained in Paragraph 98.

99.     Paragraph 99 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that Shakov submitted an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 99.

100.    Paragraph 100 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that Shakov submitted an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 100.

101.    Paragraph 101 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Shakov's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 101.

102.    Paragraph 102 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Shakov's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 102.

103.    Defendants deny the allegations contained in Paragraph 103.

104.    Paragraph 104 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that Shakov submitted an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 104.

105.    Paragraph 105 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS LLC denied Shakov's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 105.

106.    Paragraph 106 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS LLC denied Shakov's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 106.

107.    Paragraph 107 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 107.

108.    Defendants admit that Dr. Sean McCance and Dr. Peter Frelinghuysen are ONET providers with respect to Defendants.  Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 108 and therefore deny them on that basis.

109.    Defendants admit the allegations contained in Paragraph 109.

110.    Defendants admit the allegations contained in Paragraph 110.

111.    Defendants admit the allegations contained in Paragraph 111.

112.    Paragraph 112 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued an EOB.   Defendants otherwise lack information sufficient to admit or deny the remaining allegations contained in Paragraph 112 and therefore deny them on that basis.

113.    Paragraph 113 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued an EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 113.

114.    Paragraph 114 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued an EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 114.

115.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 115 and therefore deny them on that basis.

116.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 116 and therefore deny them on that basis.

117.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 117 and therefore deny them on that basis.

118.    Paragraph 118 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that McCance submitted an appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 118.

119.     Paragraph 119 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied McCance's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 119.

120.     Paragraph 120 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied McCance's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 120.

121.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 121 and therefore deny them on that basis.

122.     Paragraph 122 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that Gonzalez submitted an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 122.

123.     Paragraph 123 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Gonzalez's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 123.

124.     Paragraph 124 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Gonzalez's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 124.

125.    Paragraph 125 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued a PRA.   Defendants deny any other factual allegations stated or implied in Paragraph 125.

126.    Paragraph 126 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued a PRA.   Defendants deny any other factual allegations stated or implied in Paragraph 126.

127.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 127 and therefore deny them on that basis.

128.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 128 and therefore deny them on that basis.

129.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 129 and therefore deny them on that basis.

130.    Paragraph 130 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that Frelinghuysen submitted an appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 130.

131.    Paragraph 131 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Frelinghuysen's appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 131.

132.     Paragraph 132 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied Frelinghuysen's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 132.

133.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 133 and therefore deny them on that basis.

134.     Paragraph 134 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that Frelinghuysen submitted an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 134.

135.     Paragraph 135 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. acknowledged receipt of Frelinghuysen's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 135.

136.     Paragraph 136 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.  Defendants deny any other factual allegations stated or implied in Paragraph 136.

137.     Paragraph 137 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.  Defendants deny any other factual allegations stated or implied in Paragraph 137.

138.    Paragraph 138 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that Frelinghuysen submitted an appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 138.

139.    Paragraph 139 contains conclusions of law to which no response is required.   To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 139.

140.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 140 and therefore deny them on that basis.

141.    Defendants admit the allegations contained in Paragraph 141.

142.    Defendants admit the allegations contained in Paragraph 142.

143.    Paragraph 143 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 143.

144.    Paragraph 144 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 144.

145.    Paragraph 145 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 145.

146.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 146 and therefore deny them on that basis.

147.     Paragraph 147 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a new EOB.   Defendants deny any other factual allegations stated or implied in Paragraph 147.

148.     This paragraph contains no allegations, therefore, no response is required.

149.     Paragraph 149 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 149 and therefore deny them on that basis.

150.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 150 and therefore deny them on that basis.

151.     Paragraph 151 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that ASA filed an appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 151.

152.     Paragraph 152 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied ASA's appeal.   Defendants deny any other factual allegations stated or implied in Paragraph 152.

153.     Paragraph 153 purports to characterize a document, which speaks for itself, and therefore no response is required.   To the extent a response may be deemed to be required,

Defendants admit that UHS Inc. denied ASA's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 153.

154.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 154 and therefore deny them on that basis.

155.    Paragraph 155 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that ASA filed an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 155.

156.    Paragraph 156 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. sent a letter to Webb.  Defendants deny any other factual allegations stated or implied in Paragraph 156.

157.    Paragraph 157 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued a PRA.  Defendants deny any other factual allegations stated or implied in Paragraph 157.

158.    Paragraph 158 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. issued a PRA.  Defendants deny any other factual allegations stated or implied in Paragraph 158.

159.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 159 and therefore deny them on that basis.

160.    Paragraph 160 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that ASA filed an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 160.

161.    Paragraph 161 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that ASA filed an appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 161.

162.    Paragraph 162 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied ASA's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 162.

163.    Paragraph 163 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent a response may be deemed to be required, Defendants admit that UHS Inc. denied ASA's appeal.  Defendants deny any other factual allegations stated or implied in Paragraph 163.

## **"CLASS ALLEGATIONS"**

164.    Paragraph 164 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 164.

165.    Defendants deny the allegations contained in Paragraph 165.

166.    Defendants deny the allegations contained in Paragraph 166.

167.     Paragraph 167 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 167.

168.     Paragraph 168 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 168.

169.     Paragraph 169 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 169.

170.     Paragraph 170 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 170.

171.     Paragraph 171 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 171.

172.     Paragraph 172 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 172.

### **"Count I"**
### **"(Wrongful Denial of Benefits)"**

173.     Defendants repeat and incorporate by reference each and every response contained above as if fully set forth herein.

174.     Paragraph 174 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 174.

175.     Paragraph 175 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 175.

176.     Paragraph 176 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 176.

177.     Paragraph 177 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 177.

178.     Paragraph 178 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 178.

179.     Paragraph 179 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 179.

**<u>"Count II"</u>**
**"(Claim for Breaches of Fiduciary Duty that Injured Plaintiffs)"**

180.     Defendants repeat and incorporate by reference each and every response contained above as if fully set forth herein.

181.     Paragraph 181 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 181.

182.     Paragraph 182 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 182.

183.     Paragraph 183 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 183.

184.     Paragraph 184 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 184.

185.     Paragraph 185 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 185.

186.     Paragraph 186 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 186.

187.     Paragraph 187 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 187.

**"Count III"**
**"(Claim for Breaches of Fiduciary Duty that Injured Plaintiffs' Plans)"**

188.    Defendants repeat and incorporate by reference each and every response contained above as if fully set forth herein.

189.    Paragraph 189 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 189.

190.    Paragraph 190 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 190.

191.    Paragraph 191 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 191.

192.    Paragraph 192 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 192.

193.    Paragraph 193 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 193.

**"Count IV"**
**"(Co-Fiduciary Liability)"**

194.    Defendants repeat and incorporate by reference each and every response contained above as if fully set forth herein.

195.    Paragraph 195 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 195.

196.    Paragraph 196 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 196.

197.    Paragraph 197 contains conclusions of law to which no response is required.  To the extent a response may be deemed to be required, Defendants deny any factual allegations stated or implied in Paragraph 197.

### As to "Prayer for Relief"

Defendants deny any allegations contained in the Prayer for Relief and further deny that Plaintiffs or any putative class is entitled to any of the relief requested or to any other relief.

### As to "Jury Trial Demand"

The Court struck this jury trial demand.  Dkt. 60 at 34–37.

*        *        *

Defendants deny that Plaintiffs are entitled to relief against Defendants and request that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses.  Defendants have not completed their full investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial.  The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time.  In asserting these defenses, Defendants do not assume the burden of proof or the burden of persuasion with respect to any

issue as to which applicable law places the burden of proof upon Plaintiffs.  In addition, Defendants specifically and expressly reserve the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing under Article III of the Constitution.  By way of example only, Plaintiffs and putative class members lack standing insofar as they have not paid balance bills out-of-pocket and/or sustained any injury or damage as a result of any actions taken by Defendants.  Additionally, Plaintiffs and putative class members lack standing to seek injunctive or other prospective relief to the extent they are no longer members of the relevant health plans and/or to the extent there is no real and immediate threat of injury as a result of the challenged practices.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Statutory Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that Plaintiffs or any putative class members lack statutory standing or cannot show that they are authorized plaintiffs under ERISA.  By way of example only, the claim is barred to the extent that Plaintiffs or any putative class members assigned away their benefits, to the extent any power of attorney or other authorization is invalid, or to the extent Plaintiffs or the putative class members are otherwise not proper plaintiffs under ERISA.

## THIRD AFFIRMATIVE DEFENSE
### (Assignment)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they assigned their benefits to a provider or anyone else relating to the services at issue in this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE
### (Claims Barred by the Statute of Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any applicable statute of limitations has lapsed.

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Barred by Contractual Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed.

## SIXTH AFFIRMATIVE DEFENSE
### (No Exhaustion)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to exhaust Defendants' administrative and/or contractual appeals process before pursuing their claims through this litigation.

## SEVENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that Plaintiffs or any of the putative class members are subject to mandatory arbitration provisions.

## EIGHTH AFFIRMATIVE DEFENSE
### (Other Exclusions Or Limitations)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek coverage for treatment that is not covered under the terms of any provisions of their patients' plans.

## NINTH AFFIRMATIVE DEFENSE
### (Alternate Primary Insurance)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that they have insurance coverage through another plan that is primarily or otherwise responsible for the benefits they seek.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Agency/Vicarious Liability)

Plaintiffs' claims and the claims of the putative class members are barred to the extent the challenged conduct or statements occurred outside the scope of agency or vicarious liability.  By way of example only, Plaintiffs' claims fail to the extent they rely on statements by medical service providers who did not have authority to modify policy terms and/or coverage in the way that Plaintiffs contend.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Billing and/or Coding)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent they relate to services and/or lab tests that were improperly billed, coded, reported, or described on claims or other documents submitted to Defendants.  By way of example only, such claims are barred to the extent the provider miscoded the services or otherwise did not accurately describe them on a claim.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims and the claims of the putative class members are barred in whole or part to the extent they have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, to the extent they were over-reimbursed on any claims, or to the extent they received coverage under the challenged guidelines that they would not have received if Defendants had used the alternative guidelines that Plaintiffs argue should have been used.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent Plaintiffs would be unjustly enriched were they allowed to recover any claimed relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Exclusive Remedies-ERISA)

Plaintiffs' claims and the claims of the putative class members are barred to the extent they seek any relief under ERISA other than "benefits due" under the terms of the relevant plans, under Section 502(a)(1)(B) of ERISA.  By way of example, any claims seeking restitution, surcharge, disgorgement, and/or any other theory of relief are barred on the ground that these remedies are not "appropriate equitable relief" under Section 502(a)(3) of ERISA.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Redress)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part to the extent they were released in settlements or other agreements.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Improperly Joined Plaintiffs)

Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Fourteenth Amendment)

Any attempt to require Defendants to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Additional Defenses)

Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

Dated:  October 3, 2023                     By: */s/ James L. Hallowell*

GIBSON, DUNN & CRUTCHER LLP

James L. Hallowell
200 Park Avenue
New York, NY 10166
Telephone: 212.351.3804
JHallowell@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Lauren M. Blas
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

*Attorneys for Defendants*