UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA POPOVCHAK, OSCAR GONZALEZ, and MELANIE WEBB individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED HEALTHCARE SERVICES, INC. and UNITEDHEALTHCARE SERVICE LLC,<br><br>    Defendants. | No. 1:22-CV-10756-DEH |

## JOINT DISCOVERY STATUS REPORT

Pursuant to the Court's Civil Case Management Plan and Scheduling Order, ECF No. 64, the parties submit their second monthly Joint Discovery Status Report updating the Court on the parties' progress in discovery as of January 16, 2024.

This case is a putative class action that concerns potentially hundreds of thousands of claims for benefits under employer-sponsored health benefit plans administered by United Healthcare Services, Inc. and UnitedHealthcare Service LLC (collectively, "United"). Plaintiffs allege that United violated the terms of the Plaintiffs' plans and breached its fiduciary duties to Plaintiffs and their plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. As alleged in the Amended Complaint, ECF No. 35, the written terms of the Plaintiffs' plans require United to determine the amount of benefits due for services provided by out-of-network ("ONET") healthcare providers based on "competitive fees" charged by providers in the same geographic area. Plaintiffs further allege that, even though data on competitive fees is readily available to United in a public database maintained by an organization called FAIR Health, United instead determined Plaintiffs' benefits using

1

discounted rates set by vendors that Plaintiffs refer to as "Third-Party Repricing Vendors" or "Repricers" that, according to Plaintiffs, do not reflect competitive fees charged by providers for a given service, but instead are based on amounts insurance companies have historically paid for the service. Plaintiffs also allege that United impermissibly collects a so-called "savings fee," calculated as a percentage of the difference between the provider's actual billed charge and the discounted Repricer rate.

United contends that the terms of Plaintiffs' plans do not exclusively require use of FAIR Health data in determining reimbursement rates, and that its decision to use third-party vendor data in certain circumstances is both consistent with the terms of Plaintiffs' plans and United's fiduciary duties under ERISA.

## I. Status of Discovery

### A. Rule 26(a)(1) Initial Disclosures

The parties exchanged Initial Disclosures pursuant to Rule 26(a)(1) on October 24, 2023, and Defendants served Amended Initial Disclosures on November 7, 2023.

### B. Written Discovery Requests

Plaintiffs served their First Set of Requests for Production of Documents ("Plaintiffs' Document Requests") on each Defendant on September 13, 2023, and served their First Set of Interrogatories ("Plaintiffs' Interrogatories") on each Defendant on September 19, 2023. Defendants objected and responded to Plaintiffs' Document Requests and Plaintiffs' Interrogatories on October 27, 2023. Defendants served their First Supplemental Response to Plaintiffs' First Set of Interrogatories on December 12, 2023. The parties are continuing to confer on these discovery requests with the goal of resolving any disagreements without the need for the Court's intervention.

Defendants served their First Set of Requests for Production of Documents ("Defendants' Document Requests") and their First Set of Interrogatories ("Defendants' Interrogatories") on each

2

Named Plaintiff on November 7, 2023. Plaintiffs objected and responded to Defendants' Document Requests and Defendants' Interrogatories on December 7, 2023.

### C. Document Production

Defendants served their First Production of Documents, consisting of Defendants' administrative records on the Named Plaintiffs' ONET Benefit Claims identified in the Complaint, (130 documents in total) on September 15, 2023. Defendants served their Second Production of Documents, consisting of 40 documents in total, on November 3, 2023; their Third Production of Documents, consisting of 125 documents in total, on November 30, 2023; and their Fourth Production of Documents, consisting of 12 documents in total, on December 11, 2023.

Plaintiffs served their First Production of Documents, consisting of relevant documents within the Plaintiffs' possession, on December 8, 2023.

### D. Claim Sampling

The parties are in the process of meeting and conferring to negotiate and agree upon a claim sample. In undersigned counsels' experience in other cases, claim sampling often begins with production of claims data, from which a sample is selected. Because of the large number of ONET Benefit Claims United administers, the parties agree that it would be overly burdensome to both sides for United to extract and produce data on *all* benefit claims that potentially fall within the Plaintiffs' proposed class criteria.

The parties have nearly completed the first step of the claim sampling process, in which the parties will choose a "Plan Sample" for which United will extract and produce the agreed-upon claims data set. The parties have agreed to select 50 plans for the Plan Sample: 20 jointly selected on January 16, 2024 using a random-number generator, and the remaining 30 will be selected by the parties (15 plans each) by January 24, 2024.

After the parties agree on the plans to include in the Plan Sample, United will extract and produce the agreed-upon claims data set. Thereafter, the parties will jointly select a subset of claims to be included in the Claim Sample. United will then produce documents relating to those claims and the corresponding plans.

### E.    Depositions

Depositions have not yet begun in this matter.

## II.    Discovery Motions

As of the date of this filing, the parties are continuing to meet and confer on various discovery issues. No discovery motions are pending at this time.

Dated:  January 16, 2024                              */s/ Trillium Chang*

**ZUCKERMAN SPAEDER LLP**
D. Brian Hufford, Esq.
Jason S. Cowart, Esq.
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel. (212) 704-9600
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds, Esq. (*pro hac vice*)
Trillium Chang, Esq. (*pro hac vice*)
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800
creynolds@zuckerman.com
tchang@zuckerman.com

**COHEN HOWARD LLP**
Leslie Howard, Esq. (*pro hac vice*)
766 Shrewsbury Avenue, Suite 200
Tinton Falls, NJ 07724
Tel. (732) 747-5202
lhoward@cohenhoward.com

*Counsel for Plaintiffs*

4

*/s/ James L. Hallowell*

**GIBSON, DUNN & CRUTCHER LLP**
James L. Hallowell
200 Park Avenue
New York, NY 10166
Tel. (212) 351-3804
JHallowell@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Lauren M. Blas
333 South Grand Avenue
Los Angeles, CA 90071
Tel. (213) 229-7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on January 16, 2024, I caused the foregoing document to be filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Trillium Chang*

Trillium Chang
*Counsel for Plaintiffs*