UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEXANDRA POPOVCHAK, OSCAR
GONZALEZ, and MELANIE WEBB, individually
and on behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiffs, | Case No. 1:22-cv-10756-DEH |
| -against- | **AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |
| UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., and UNITED HEALTHCARE SERVICE LLC | |
| Defendants. | |

------------------------------------------------------------x

Defendants United Healthcare Services, Inc and United Healthcare Services LLC (together, "Defendants") and Plaintiffs Alexandra Popovchak, Oscar Gonzalez, and Melanie Webb (collectively, "Plaintiffs," and together with Defendants, "the parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.      This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case.  The agreement does not supplant the parties' obligations to comply with Federal Rule of Civil Procedure 34 or any other applicable Rules or orders of this Court.

2.      To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 30 days of entry of this stipulation, or at a later time if agreed to by the parties, each party shall disclose to the best of the party's knowledge:

1.      <u>Custodians.</u>   The custodians most likely to have discoverable ESI in their possession, custody, or control.  The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.      <u>Non-custodial Data Sources.</u>  A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u>  A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.,* third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.   In providing this information, the parties are making no representation as to whether the data is within their possession, custody, or control.

4.      <u>Inaccessible Data.</u>  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B).

**C.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u>  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2

2.     Search methodology.  The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and data restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.  The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.     Prior to running searches:

i.     The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information.  The use of search terms will not preclude the use of any methodology or technology-assisted review.  The producing party may provide unique hit counts for each search query.

ii.     After disclosure of custodians, search terms and queries, and methodology, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii.     The following provisions apply to search terms / queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing party may identify each search term or query returning overbroad results, demonstrating the overbroad results and making a counter

proposal correcting the overbroad search or query.   The parties will meet and confer in good faith on any such counter proposals.

      3.    <u>Format</u>.

      a.    Except as provided in paragraph 3(b), the parties will produce their information as single-page TIFFs with associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

      b.    Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, PowerPoint, database, and drawing files, will be produced in native format.

      c.    Each document image file shall be named with a unique number (Bates Number).  Bates-numbers should not be more than twenty characters long or contain spaces.  When a text-searchable image file is produced, the producing party shall, where possible, preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

      d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

      e.    Where possible, the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file.  The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

f.      The parties will use best efforts to filter out not relevant and non-responsive common system files and application executable files by using a commercially reasonable identification process, such as using the then-current deNIST provided by the National Institute of Standards and Technology.

4.      <u>De-duplication</u>.  The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.  De-duplication must occur by an industry standard method, including MD5 or SHA-1 Hash Values.  De-duplication may not occur by manual review.

5.      <u>Email Threading</u>.  The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.

6.      <u>Metadata fields</u>.  The parties agree that ESI will be produced with the following metadata fields, to the extent they are reasonably accessible: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value.  The list of metadata types is intended to be flexible and may be changed by agreement of the parties.

**D.      Preservation of ESI**

The parties acknowledge that they have an obligation, as expressed in Federal Rule of Civil Procedure 37(e), to take reasonable and proportional steps to preserve discoverable information in

the party's possession, custody, or control.  By preserving or producing information for the purpose of this action, the parties are not conceding that such material is discoverable.  With respect to preservation of ESI, the parties agree as follows:

1.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall take reasonable and proportional steps to preserve discoverable ESI in their possession, custody, or control.

2.  The parties will supplement their disclosures in accordance with Federal Rule of Civil Procedure 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(2) or (F)(1)-(2) herein).

3.  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.  Deleted, shadowed, damaged, residual, slack, fragmented, or other data only accessible by forensics;

    b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    c.  Data stored on photocopiers, scanners, and fax machines;

    d.  On-line access data such as temporary internet files, history, cache, cookies, and the like;

    e.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5));

f.     Back-up data that are duplicative of data that are more accessible elsewhere, as well as back-up systems, archived data, or tapes used for disaster recovery;

g.     Server, system or network logs;

h.     Data remaining from systems no longer in use that is unintelligible on the systems in use or that cannot be reasonably accessed;

i.     Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage);

j.     Dynamic fields of databases or log files that are not retained in the usual course of business.

## E.     Encrypted or Password-Protected Files

1.     A producing party shall make reasonable efforts to remove any encryption or password protection that would prevent the requesting party from properly viewing a document.  That includes, at a minimum, providing any encryption keys or passwords needed to access the document.  If proprietary software or tools requiring purchase are required to view any documents or data, the parties shall meet and confer on the production and access to such information.

## F.     Privilege

1.     A producing party shall create a privilege log of all documents or portions of documents withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  Privilege and

redaction logs shall identify the basis for the claim or privilege (attorney-client privileged or work-product protection) for each document (or, by agreement, category of documents) at issue.  For ESI, the privilege log may be generated using available top-line metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other parties on a rolling basis.

2.     With respect to privileged or work-product information concerning this Action, parties are not required to produce such documents or include any information related to such documents in privilege logs.

3.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rule of Civil Procedure 26(b)(3).

4.     Pursuant to Federal Rule of Evidence 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence

502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged, work product, or subject to any other legal protections or immunities shall be destroyed, sequestered, and/or returned to the producing party immediately upon request.  The receiving party must certify that all copies have been appropriately handled as such.

**G.     Redactions**

1.     Redactions for personally identifiable information do not need to be logged.

**H.     Modification**

1.     This Stipulation may be modified by agreement of the parties.

**IT IS SO STIPULATED:**

Dated: March 8, 2024                    By: */s/  Caroline E. Reynolds*

D. Brian Hufford, Esq.
Jason S. Cowart, Esq.
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel. (212) 704-9600
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds, Esq. (pro hac vice)
Trillium Chang, Esq. (pro hac vice)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800

creynolds@zuckerman.com
tchang@zuckerman.com

Leslie Howard, Esq. (pro hac vice)
COHEN HOWARD, LLP
766 Shrewsbury Avenue, Suite 200
Tinton Falls, NJ 07724
Tel. (732) 747-5202
lhoward@cohenhoward.com

*Attorneys for Plaintiffs*

Dated:  March 8, 2024               By: */s/   Heather L. Richardson*

GIBSON, DUNN & CRUTCHER LLP

James L. Hallowell
200 Park Avenue
New York, NY 10166
Telephone: 212.351.3804
JHallowell@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Lauren M. Blas
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

The parties are reminded that the Court        *Attorneys for Defendants*
retains discretion as to whether or not to
afford information designated as confidential
such treatment in Opinions and Orders.

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated:   March 11, 2024                         _____
                                                Hon. Dale E. Ho
         New York, New York                     UNITED STATES DISTRICT JUDGE