UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA POPOVCHAK, OSCAR GONZALEZ, and MELANIE WEBB individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC. and UNITEDHEALTHCARE SERVICE LLC,<br><br>Defendants. | No. 1:22-CV-10756-DEH |

## JOINT DISCOVERY STATUS REPORT

Pursuant to the Court's Civil Case Management Plan and Scheduling Order, ECF No. 64, the parties submit their monthly Joint Discovery Status Report updating the Court on the parties' progress in discovery as of April 15, 2024.

This case is a putative class action that concerns potentially hundreds of thousands of claims for benefits under employer-sponsored health benefit plans administered by United Healthcare Services, Inc. and UnitedHealthcare Service LLC (collectively, "United"). Plaintiffs allege that United violated the terms of the Plaintiffs' plans and breached its fiduciary duties to Plaintiffs and their plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. As alleged in the Amended Complaint, ECF No. 35, the written terms of the Plaintiffs' plans require United to determine the amount of benefits due for services provided by out-of-network ("ONET") healthcare providers based on "competitive fees" charged by providers in the same geographic area. Plaintiffs further allege that, even though data on competitive fees is readily available to United in a public database maintained by an organization called FAIR Health, United instead determined Plaintiffs' benefits using

1

discounted rates set by vendors that Plaintiffs refer to as "Third-Party Repricing Vendors" or "Repricers" that, according to Plaintiffs, do not reflect competitive fees charged by providers for a given service, but instead are based on amounts insurance companies have historically paid for the service. Plaintiffs also allege that United impermissibly collects a so-called "savings fee," calculated as a percentage of the difference between the provider's actual billed charge and the discounted Repricer rate.

United contends that the terms of Plaintiffs' plans do not exclusively require use of FAIR Health data in determining reimbursement rates, and that its decision to use third-party vendor data in certain circumstances is both consistent with the terms of Plaintiffs' plans and United's fiduciary duties under ERISA.

## I. Status of Discovery

### A. Rule 26(a)(1) Initial Disclosures

The parties exchanged Initial Disclosures pursuant to Rule 26(a)(1) on October 24, 2023, and Defendants served Amended Initial Disclosures on November 7, 2023.

### B. Written Discovery Requests

Plaintiffs served their First Set of Requests for Production of Documents ("Plaintiffs' Document Requests") on each Defendant on September 13, 2023, and served their First Set of Interrogatories ("Plaintiffs' Interrogatories") on each Defendant on September 19, 2023. Defendants objected and responded to Plaintiffs' Document Requests and Plaintiffs' Interrogatories on October 27, 2023. Defendants served their First Supplemental Response to Plaintiffs' First Set of Interrogatories on December 12, 2023. The parties are continuing to confer on these discovery requests with the goal of resolving any disagreements without the need for the Court's intervention. Among other discussions, the parties are in the process of agreeing on custodians and search terms for certain requests calling for electronically-stored information.

Defendants served their First Set of Requests for Production of Documents ("Defendants' Document Requests") and their First Set of Interrogatories ("Defendants' Interrogatories") on each Named Plaintiff on November 7, 2023. Plaintiffs objected and responded to Defendants' Document Requests and Defendants' Interrogatories on December 7, 2023. Plaintiff Melanie Webb served her First Supplemental Response to Defendants' First Set of Interrogatories on February 14, 2024.

### C.   Document Production

Defendants served their First Production of Documents, consisting of Defendants' administrative records on the Named Plaintiffs' ONET Benefit Claims identified in the Complaint, (130 documents in total) on September 15, 2023. Defendants served their Second Production of Documents, consisting of 40 documents in total, on November 3, 2023; their Third Production of Documents, consisting of 125 documents in total, on November 30, 2023; their Fourth Production of Documents, consisting of 12 documents in total, on December 11, 2023; their Fifth Production of Documents, on February 9, 2024, consisting of 66 documents in total; their Sixth Production of Documents, on March 1, 2024, consisting of 204 documents in total; and a reproduction of certain documents to remove redactions, on April 10, 2024, consisting of 7 reproduced documents.

Plaintiffs served their First Production of Documents, consisting of relevant documents within the Plaintiffs' possession, on December 8, 2023; and their Second Production of Documents, consisting of Plaintiffs' medical records and billing statements, on March 12, 2024.

### D.   Claim Sampling

Although both Plaintiffs and Defendants have propounded and responded to discovery requests, and both sides produced documents, the parties are still in the process of meeting and conferring to negotiate and agree upon a claim sample, which the parties have agreed to use for

purposes of litigating class certification. The parties have made substantial progress in the claim sampling process, including agreeing on a set of 50 Sample Plans as to which United will produce claims data, from which the parties will select a sample of individual claims for which United will produce claim-specific documents. On April 11, 2024, the parties agreed to the criteria United will use to select the claims data for extraction, and United has now begun the process of extracting the claims data. Once United has produced the extracted data, the parties will select the claims to include in the sample, and United will produce additional documents relating to those claims. Upon finalizing the claim sample, the parties expect to take depositions and pursue follow-up discovery relating to the Sample Plans and Sample Claims.

### E. Depositions

Depositions have not yet begun in this matter.

## II. Discovery Motions

As of the date of this filing, the parties are continuing to meet and confer on various discovery issues. No discovery motions are pending at this time.

Dated:  April 15, 2024                              /s/ Trillium Chang

**ZUCKERMAN SPAEDER LLP**
D. Brian Hufford, Esq.
Jason S. Cowart, Esq.
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel. (212) 704-9600
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds, Esq. (*pro hac vice*)
Trillium Chang, Esq. (*pro hac vice*)
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800
creynolds@zuckerman.com
tchang@zuckerman.com

**COHEN HOWARD LLP**
Leslie Howard, Esq. (*pro hac vice*)
766 Shrewsbury Avenue, Suite 200
Tinton Falls, NJ 07724
Tel. (732) 747-5202
lhoward@cohenhoward.com

*Counsel for Plaintiffs*

*/s/ Heather L. Richardson*

**GIBSON, DUNN & CRUTCHER LLP**
James L. Hallowell
200 Park Avenue
New York, NY 10166
Tel. (212) 351-3804
JHallowell@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Lauren M. Blas
333 South Grand Avenue
Los Angeles, CA 90071
Tel. (213) 229-7409
HRichardson@gibsondunn.com
LBlas@gibsondunn.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on April 15, 2024, I caused the foregoing document to be filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Trillium Chang*

Trillium Chang
*Counsel for Plaintiffs*