



Caroline E. Reynolds
PARTNER
Zuckerman Spaeder LLP
creynolds@zuckerman.com
202.778.1859

**VIA ECF**                                                                July 9, 2024

United States District Judge Dale Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    *Popovchak et al. v. United Healthcare Services, Inc.* and *UnitedHealthcare
>        Service LLC*, No. 1:22-cv-10756-DEH – **Letter Motion to Compel**

Dear Judge Ho:

Plaintiffs in the above-referenced action file this letter motion, pursuant to the Court's Individual
Rules and Practices in Civil Cases, Rule 4(k), to respectfully request a conference and for the
Court to order Defendants to produce documents responsive to two of Plaintiffs' Requests for
Production ("RFP"), which Defendants are wrongfully withholding.

Plaintiffs served their first set of RFPs on September 13, 2023, and Defendants served objections
and responses to the Requests on October 27, 2023. In the ensuing ***eight months***, despite
extensive correspondence and multiple meet and confers, Defendants have refused to produce
directly relevant, non-privileged documents in response to RFP Nos. 16 and 27. Worse,
Defendants have refused to take a clear position on the requests, repeatedly promising—then
failing—to produce documents so that Plaintiffs would be unable to bring a ripe dispute to the
Court.

Pursuant to Individual Rule 4(k)(i), the parties conducted a meet and confer on July 8, 2024 at
1:00 PM ET, but were unable to resolve the discovery disputes. Plaintiffs informed Defendants
during the meet and confer that the parties were at an impasse and that Plaintiffs would be
requesting a conference with the Court. The nature of the dispute and position of each party are
summarized below. In addition, the specific timeline of the discovery disputes is detailed in the
attached exhibits.[1]

---

[1] To facilitate the Court's review of these two disputes, Plaintiffs detailed the parties' negotiations on
each Request in a separate letter, accompanied by an appendix containing the relevant correspondence.
*See* attached Ex. A (July 8, 2024 letter regarding RFP No. 16); Ex. B (appendix concerning RFP No. 16);
Ex. C (July 8, 2024 letter regarding RFP No. 27); Ex. D (appendix concerning RFP No. 27).

### RFP No. 16: Standard Operating Procedures

As the administrators of thousands of employer-sponsored health benefit plans, Defendants are responsible for determining the amount of benefits due under the plans for covered medical services. Am. Compl., at ¶¶ 20-22, Apr. 17, 2023, ECF No. 35. In this putative class action, Plaintiffs are challenging Defendants' so-called "Shared Savings" scheme, through which Defendants fuel their own profits by underpaying benefits due for services received from out-of-network ("ONET") providers. *Id.* ¶¶ 75-90. Instead of using "competitive fees" to set the amount of "Eligible Expense" for ONET services as the plan terms require, Defendants rely on deeply discounted rates supplied by "Repricers" like Data iSight. *Id.* ¶¶ 58-63. Defendants then award themselves hefty "savings fees" measured as a percentage of the medical expenses they wrongfully deemed ineligible for reimbursement, *id.* ¶¶ 75-83, leaving the plan participants—Plaintiffs and the putative class members—holding the bag for medical expenses their plans should have covered. *Id.* ¶¶ 84-87.

Plaintiffs' RFP No. 16 seeks "Documents sufficient to show [Defendants'] standard operating procedures with respect to determining Eligible Expenses for approved ONET Benefit Claims, including but not necessarily limited to [Defendants'] standard operating procedures regarding when and how to apply distinct Reimbursement Methodologies." *See* Ex. B at 10, 35.

Defendants initially objected to RFP 16 on various inapplicable grounds. Ex. B at 44-45, 48-49. After the parties met and conferred on the request, however, Defendants produced dozens of copies of three SOPs: (1) Outlier Cost Management Appeals; (2) Outlier Cost Management – Rework; and (3) Extended Non-Network Reimbursement Program (ENRP). Ex. A at 2 & Ex. B at 51-52. Defendants then said their response to RFP No. 16 was complete. Ex. B at 58.

Plaintiffs subsequently determined, however, that the three produced SOPs reference, by name, at least **eleven** additional responsive SOPs that Defendants failed to produce, including SOPs on "Outlier Cost Management," on Defendants' "Shared Savings Program," and on other aspects of the procedures set forth in the SOPs Defendants produced (thereby conceding their relevance). Ex. B at 60-61. The missing SOPs are plainly responsive to Plaintiffs' RFP No. 16.

On **February 23, 2024**, Plaintiffs wrote to Defendants and notified them of the missing SOPs, listing them by name, with citations to the produced SOPs that cross-reference them. *Id.* Plaintiffs also identified several SOP documents Defendants had produced in a format that cut off substantial portions of the documents, making them unreadable. *Id.* at 60.

Over the next **four months**, Plaintiffs tried repeatedly to get a straight answer from Defendants as to whether they would produce the missing SOPs. *See* Ex. A at 3-4 & Ex. B at 62-73. After multiple delays and non-answers, Defendants finally produced just *one* of the eleven missing SOPs Plaintiffs had identified (along with yet another responsive SOP that should have been produced in November). Ex. A at 4. The parties met and conferred for a final time on **July 8, 2024**, and Defendants asserted that their production is complete and that *none* of the missing SOPs are relevant to Plaintiffs' claims. *Id.* Defendants could not, however, provide any additional information as to why they believe any particular SOP is purportedly "irrelevant." *Id.*

### RFP No. 27: Portions of the *Fremont* Trial Record

Plaintiffs allege in their Complaint that "[e]vidence of United's practices with regard to ignoring competitive fees and relying instead on Data iSight's methodology for setting ONET rates, as detailed herein, was disclosed in a trial that recently ended in Nevada, *Fremont Emergency Services (Mandavis) Ltd. v. United Healthcare Insurance Company*, No. A-19-792978-B (Clark Cty. Dist. Ct.)." ECF No. 35 at ¶ 89. United's misconduct was proven in the *Fremont* trial "primarily through the testimony of United's own witnesses and its own documents." *Id.*

Plaintiffs' RFP No. 27, accordingly, asks Defendants to produce portions of the *Fremont* trial record that are not publicly available: "(a) the complete trial transcript; and (b) all sealed trial exhibits." *See* Ex. D at 11, 35.

As of **November 30, 2023**, Defendants agreed to produce the portions of the *Fremont* trial record that they deem "relevant and responsive to other requests." Ex. D at 56. Although Plaintiffs did not agree to Defendants' unilateral limitations on relevance, without receiving a production, it was impossible for Plaintiffs to determine what Defendants might withhold or why. To date, however, Defendants have produced just *three days* of transcripts from the 22-day trial (one with an unexplained redaction), and one errata. Ex. C at 3. Defendants have repeatedly claimed they intend to produce additional trial records, but those assurances have turned out to be hollow. *See* Ex. C at 3-4; Ex. D at 75-76.

Most recently, Defendants promised to complete their production of *Fremont* trial records "no later than **June 28**," and to provide a log of documents they were withholding from production by the same date. Ex. D at 77, 81. June 28 came and went with no production. Ex. D at 80. Defense counsel's only explanation for failing to meet the agreed deadline was that a "client contact" was out of town in mid-June. *Id.* At the parties' **July 8, 2024** meet and confer, Defendants' counsel stated that the lengthy, repeated delays in responding to RFP No. 27 were so that their "client could get comfortable" with the production. Ex. C at 4.

***

In sum, since at least November 2023—for *eight months*—Defendants have been stringing Plaintiffs along, continually promising productions that never materialize. Defendants' strategy seems to be to run out the clock so that Plaintiffs cannot effectively follow-up on the documents that may eventually be produced in response to the requests or seek to compel production of documents Defendants wrongfully withhold. Especially given that the parties have already had to seek two extensions to the discovery schedule, without making any meaningful progress on these requests, Plaintiffs cannot wait any longer to seek the Court's assistance. Plaintiffs respectfully request that the Court schedule a conference to discuss these disputes and that the Court order Defendants to produce, immediately, all documents responsive to RFP Nos. 16 and

Respectfully submitted,

/s/ *Caroline E. Reynolds*

**ZUCKERMAN SPAEDER LLP**
Caroline E. Reynolds, Esq. (*pro hac vice*)
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800
creynolds@zuckerman.com

*Counsel for Plaintiffs*

Application **DENIED.**

In a letter filed July 16, 2024, *see* ECF No. 84, Defendants state that they will produce the eleven Standard Operating Procedures in response to RFP 16 by July 26.  Defendants also represent that they will produce all unsealed trial transcripts from the *Fremont* action by July 26 and begin producing relevant portions of the  sealed trial transcripts and exhibits from the *Fremont* action by August 2.  In light of these representations, Plaintiff's request is **DENIED** as moot, though Plaintiff may renew the motion in the event that these documents are not produced.

The Clerk of Court is directed to close ECF No. 81.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: July 18, 2024
New York, New York