UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Popovchak et al., | |
| Plaintiffs, | |
| v. | 22-CV-10756 (DEH) |
| UnitedHealth Group Incorporated et al., | ORDER |
| Defendants. | |

DALE E. HO, United States District Judge:

Currently before the Court are several discovery motions filed in the above-captioned case. These pending motions stem from Plaintiffs' Renewed Motion to Compel. ECF No. 90. Specifically, in addition to the Motion to Compel, the Court must adjudicate:

- Plaintiffs' Motion to Seal an exhibit to their Motion to Compel. ECF No. 89;
- Defendants' Motion to Seal an exhibit to Plaintiffs' Motion to Compel and an exhibit to their Opposition to Plaintiff's Motion to Compel. ECF No. 92;
- Plaintiffs' Motion for Leave to file a Reply in Support of their Renewed Motion to Compel. ECF No. 98;
- Plaintiffs' Motion to Seal their Reply and its concomitant declarations and exhibits. ECF No. 97; and
- Defendants' Motion to Seal portions of Plaintiffs' Reply. ECF No. 100.

The Court first considers Plaintiffs' Motion to Compel, and then adjudicates the parties' other requests.

Plaintiffs' Motion to Compel.

The parties' familiarity with the facts of the Complaint is presumed. The Court recites the facts herein only to the extent necessary to adjudicate Plaintiffs' Motion to Compel.

Plaintiffs' pending Motion to Compel is their second motion concerning Plaintiffs' Request for Production No. 27 ("RFP 27"). *See* Pls.' First Mot. to Compel at 3, ECF No. 81. "Plaintiffs' RFP 27 . . . asks Defendants to produce portions of the *Fremont* trial record that are not publicly available: (a) the complete trial transcript; and (b) all sealed trial exhibits." *Id.* at 3. The *Fremont*

trial is a separate matter where Plaintiffs assert that "a jury found United Healthcare liable for exactly the same illegal course of conduct as Plaintiffs challenge" in this case.  Pls.' Renewed Mot. to Compel at 1, ECF No. 90.  In response to Plaintiffs' motion, Defendants, *inter alia*, agreed to "produce all remaining unsealed trial transcripts from the Fremont matter[,] . . . any relevant non-public portions of the sealed transcripts[,] . . . [and] the sealed trial exhibits that [we]re responsive to Plaintiffs' other requests for production once Defendants [had] complete[d] their review of those documents for sensitive information."  Defs.' Opp'n to Pls.' Mot. to Compel at 2, ECF No. 84.  Defendants also agreed to "provide a log of any documents or portions of documents that . . . [they] withheld."  *Id.* at 2.  The Court denied Plaintiffs' motion as moot given Defendants' aforementioned representation, stating that "Plaintiff[s] may renew the[ir] motion in the event that the[] documents are not produced."  Order, ECF No. 85.

Now, Plaintiffs argue that Defendants have yet to turn over the documents and log as promised.  Plaintiffs say that "Defendants are still wrongfully withholding" "documents responsive to Plaintiffs' Request for Production No. 27" "on the baseless ground that the responsive documents are not relevant to Plaintiffs' claim."  Pls.' Renewed Mot. to Compel at 1.  Plaintiffs also allege that "Defendants have reneged on their promise to this Court that they would log 'any documents or portions of documents' they withhold.  Instead, Defendants now claim that it is *Plaintiffs'* burden to describe the undisclosed documents to *Defendants*."  *Id.* at 2.  They ask for the Court to "direct Defendants to produce, immediately, **all** the remaining sealed *Fremont* exhibits."  *Id.* at 3

Defendants, for their part, oppose this request on two grounds.  First, Defendants say that Plaintiffs' request is premature because they "failed to engage in a good faith meet and confer that would have narrowed (or eliminated) the issues for judicial intervention."  Defs.' Opp'n to Pls.' Renewed Mot. to Compel ("Defs.' Opp'n") at 1, ECF No. 93.  Defendants' second argument in

opposition to Plaintiffs' Motion to Compel is that their request is overly broad: "Plaintiffs have not shown that these exhibits—from a different lawsuit, involving different claims and different parties—are relevant to their claims and proportional to the needs of this case." *Id.* (citing Fed. R. Civ. P. 26(b)(1)).  Plaintiffs respond to these points in a Reply.[1]  *See* ECF No. 98.

Under Federal Rule of Civil Procedure 26(b)(1),[2] "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," even if the resultant discovery materials are not admissible in evidence. Fed. R. Civ. P. 26(b)(1); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14 Civ. 7126, 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016).  "The requesting party bears the initial burden of demonstrating any possibility of relevance sufficient to warrant discovery." *Alaska Elec.*, 2016 WL 6779901, at *2.  After such a showing is made, the party objecting to the discovery request "bears the burden of showing why discovery should be denied." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016).  "Specifically, the resisting party must show how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* at 88.  Federal district courts enjoy broad discretion in deciding motions to compel discovery. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the

---

[1] Plaintiffs' Motion for Leave to file a Reply, ECF No. 98, is GRANTED IN PART.  The Court agrees with Defendants that Plaintiffs have sought to circumvent the Court's three-page limit for discovery dispute briefs by appending to their brief a twenty-one-page declaration from Plaintiffs' counsel.  *See* Defs.' Letter Mot. to Seal at 2 n.1, ECF No. 100 (referencing Decl. of Caroline E. Reynolds in Support of Plaintiffs' Motion to Compel, ECF No. 98-1).  Therefore, the Court declines to consider the declaration submitted as an exhibit to Plaintiffs' Reply.

[2] All subsequent references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

scope of discovery and to manage the discovery process."); *Grant Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion.").

Here, Plaintiffs state that the remaining *Fremont* documents—"more than 100 . . . sealed exhibits" that Defendants have not produced—are relevant "[b]ecause of the clear overlap between the facts the *Fremont* plaintiffs proved at trial and the claims Plaintiffs allege in this case." Pls.' Renewed Mot. to Compel at 2 (emphasis omitted). They explain that "the exhibits" at issue "are factual evidence of a scheme, proven in *Fremont*, that also injured the Plaintiffs and putative class members here," and that "the evidence introduced in *Fremont* is relevant to the facts supporting Plaintiffs' claim because both cases are about the same illegal scheme." Pls.' Reply at 1, ECF No. 98. This suffices to show the relevance of the discovery at issue here—the *Fremont* exhibits. "Although not unlimited, relevance, for the purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). "Where relevance is in doubt, the district court should be permissive." *Am. Fed'n of Musicians of the U.S. and Can. v. Sony Music Ent., Inc.*, No. 15 Civ. 5249, 2016 WL 2609307, at *3 (S.D.N.Y. Apr. 29, 2016). Therefore, with Plaintiffs having established the relevance of the discovery sought, the burden is now on the Defendants to show why Plaintiffs' request should be denied.

Defendants' first argument is that Plaintiffs' Motion is premature, because Plaintiffs should have first "engage[d] in a good faith meet and confer that would have narrowed (or eliminated) the issues for judicial intervention." Defs.' Opp'n at 1. This argument fails. The parties met and conferred about RFP 27 months ago, as evidenced by Plaintiffs' submissions in connection with their first motion to compel. *See* ECF No. 81-4. The parties continued to meet and confer about this issue between when the Court denied Plaintiffs' first motion to compel and when Plaintiffs filed their Renewed Motion to Compel. *See* Pls.' Renewed Mot. to Compel at 2 n.4 ("[T]he parties

have met and conferred about RFP 27 twice more and have exchanged even more correspondence . . . The parties' impasse remains unresolved."); *see also* ECF No. 90-4 (parties' correspondence regarding RFP 27).  And during the pendency of this Motion, the parties have been unable to resolve this dispute on their own.  *Cf.* Letter Mot. at 3, ECF No. 112 (reporting "the parties are continuing to meet and confer on a number of discovery disputes in an effort to resolve them without the Court's intervention" while noting that this particular discovery dispute remains unresolved).  At this point, denying the Motion so the parties can engage in further attempts to resolve this dispute on their own would be futile.  In sum, the Court is satisfied that the parties have met and conferred in good faith to resolve this dispute, rendering Plaintiffs' Motion ripe for review.

Defendants' second argument is that the exhibits Plaintiffs seek are not "relevant to their claims and proportional to the needs of the case."  Defs.' Opp'n at 1.  This argument fails, too. Defendants argue that "Plaintiffs' motion rests on the false premise that the *Fremont* action is identical to this case" citing a page of Plaintiffs' Motion purportedly supporting this contention. But the Court does not understand Plaintiffs to claim that the cases are identical.  Instead, Plaintiffs clearly state in their Motion that there is a "clear overlap between the facts the *Fremont* plaintiffs provided at trial and the claims Plaintiffs allege in this case," Pls.' Renewed Mot. to Compel at 2, and they clearly state in their Reply that "the exhibits are factual evidence of a scheme, proven in *Fremont*, that also injured the Plaintiffs and putative class members here . . . . both cases are about the same illegal scheme," Reply at 1.  Far from claiming the cases are one and the same, Plaintiffs simply note that this case and the *Fremont* case are similar enough to make exhibits from the latter relevant in the former.  Plaintiffs have clearly made a *prima facie* showing that the claims in *Fremont* are sufficiently similar as to render the remaining sealed exhibits relevant (and thus discoverable) here—both cases concern the financial structures of reimbursement programs run

by Defendants, which are dynamic enough to render information about programs not explicitly mentioned in the Complaint ultimately relevant to Plaintiffs' case.[3]  Because Defendants have failed to show that Plaintiffs' request is not relevant,[4] Plaintiffs' Motion to Compel is **GRANTED**, and Defendants shall produce the remaining sealed exhibits from the *Fremont* trial to Plaintiffs in accordance with the deadlines set forth in the Third Amended Case Management Plan, ECF No. 113.

The Parties' Sealing Requests

Before reaching the parties' various sealing requests, the Court recites the familiar tripartite framework for determining whether a document should be sealed at all and, if so, in what form that sealing should take (in other words, whether the document should be sealed in its entirety or available partially sealed—in redacted form).  Under Second Circuit caselaw, certain documents— so called "judicial documents"—are "subject at common law to a potent and fundamental presumptive right of public access.  *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020).  A document is a judicial document if it "is one that has been placed before the court by the parties and that is

---

[3] That is, Defendants are alleged to have, *inter alia*, operated multiple reimbursement programs, shifted plans between these programs, and applied multiple programs to Plaintiffs at the same time. Therefore, it is understandable both why Plaintiffs may not have named a specific program referred to in *Fremont* in their Complaint and why the *Fremont* exhibits are relevant here.

[4] Defendants argue that Plaintiffs' request should be denied because "the [*Fremont*] exhibits are not relevant to Plaintiffs' claims, or else they have already been produced or fall outside the scope of the parties' discovery agreements."  Defs.' Opp'n at 2.  The rest of their Opposition focuses on the relevance of the discovery at issue.  *See id.* at 3; *see, e.g.*, *id.* ("Plaintiffs' unsupported contention that *all* sealed exhibits from the *Fremont* case are necessarily relevant and discoverable rings false, and to the extent Plaintiffs claim otherwise, *they must support that contention with a showing of relevance*." (emphasis added)).  But to the extent that Defendants' Opposition contains an implicit argument that Plaintiffs' request is not proportional, that argument fails, too.  Plaintiffs' papers show that their request is "important[t]" with respect to "the issues at stake in th[is] action" and "in resolving the issues" here, that they do not have "access to [the] relevant information" because it is under seal, and that Defendants will not be burdened by providing the discovery given that it already exists.  *See* Fed. R. Civ. P. 26(b)(1).

relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 59. If a court determines that "the record at issue is a judicial document . . . to which the presumption of public access attaches," it next "determine[s] the weight of the presumption of access to that document, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts"—the public. *Id.* "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Here, the documents at issue are clearly "judicial documents." They "ha[ve] been placed before the court by the parties" and are "relevant to the performance of the judicial function," *id.* at 59, which, here, is resolving Plaintiff's Motion. But because the documents were filed in connection with a discovery dispute, the presumption of public access is "somewhat lower" than if they had been filed in connection with a dispositive motion, and "the reasons [a party provides in favor of sealing] . . . need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The Court is satisfied that the reasons given by the parties are sufficient to warrant partial sealing—in the form of narrowly-tailored redactions—of the documents at issue. Specifically:

- ECF Nos. 89 and 92 seek sealing of Exhibit C to Plaintiffs' Motion to Compel, filed at ECF No 89-1.[5] Exhibit C to Plaintiffs' Motion is a chart with descriptions of unproduced trial exhibits in the *Fremont* action referenced above. Defendants request sealing because the document contains "descriptions of emails, presentations, or documents that reveal the business strategies or financial results" of Defendants and three non-parties, and because the document "includes personal identifying information for health plan members whose information was disclosed in the *Fremont* litigation, but who are not parties or otherwise involved in this case." Defs.' Letter Mot. to Seal at 2, ECF No. 92. "[C]ourts in this Circuit

---

[5] The Court notes, for clarity, that Exhibit C to Plaintiffs' Motion to Compel is filed as an attachment to Plaintiffs' Motion to Seal rather than as an attachment to the Motion to Compel itself. That is, Plaintiffs filed Exhibit C under seal at ECF No. 89-1 rather than at ECF No. 90 with the rest of the exhibits appended to Plaintiffs' Motion.

routinely permit parties to redact sensitive financial information akin to the material at issue here." *Graczyk v. Verizon Communications, Inc.*, No. 18 Civ. 6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases). Moreover, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents," *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), as does protecting non-parties personally identifying information, *see Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019). Having reviewed Defendants' proposed redactions, the Court finds them sufficient and **GRANTS** Defendants' request at ECF No. 92. The unredacted version of Exhibit C to Plaintiffs' Motion to Compel shall remain under seal with access limited to the applicable parties.[6]

- ECF No. 92 also seeks sealing of Exhibit C to Defendants' Opposition to Plaintiffs' Motion. Exhibit C to Defendants' Opposition is the same document as Exhibit C to Plaintiffs' Motion, except that it "adds a column to Plaintiffs' chart to provide an exhibit-by-exhibit analysis of why the *Fremont* exhibits Plaintiffs seek to compel are irrelevant or else not proportional to the needs of the case." Defs.' Letter Mot. to Seal at 3, ECF No. 92. For the same reasons as stated above, Defendants' request is **GRANTED**. The unredacted version of Exhibit C to Defendants' Opposition to Plaintiffs' Motion to Compel shall remain under seal with access limited to the applicable parties.[7]

- ECF Nos. 97 and 100 seek sealing of Plaintiffs' Reply in Support of their Motion to Compel, ECF No. 98, and its attachments. Defendants seek partial sealing of:

  o Plaintiffs' Reply and Plaintiffs' counsel's declaration, which is appended the Reply as an attachment. Defendant seeks to redact portions of these documents that describe "(1) the sealed *Fremont* exhibits, the Benefit Detail Reports ("BDRs") produced by Defendants with the "Confidential" designation, (3) the Standard Operation Procedures ("SOPS") produced by Defendants with the "Confidential" designation, or (4) presentation decks on Out-of-Network programs that were inadvertently produced by Defendants without the "Confidential" designations." Defs.' Letter Mot. to Seal at 2, ECF No. 100. Defendants seek these redactions because "the *Fremont* exhibits and transcripts contain highly confidential and/or commercially sensitive information that reveals the business strategies or financial results of United" and several non-parties, and because "the BDRs, SOPs, and the Out-of-Network presentation decks contain highly confidential and/or commercially sensitive information of Defendants, including the benefits available under the health plans administered by Defendants, the guidelines and procedures for processing plan members' claims, and Defendants' business solutions for their self-funded plan sponsors." *Id.* at 2-3. "Disclosure of this information would give Defendants' and or/these non-parties' competitors valuable insights into their

---

[6] Exhibit C to Plaintiffs' Motion to Compel is publicly available in redacted form at ECF No. 92-1.

[7] Exhibit C to Defendants' Opposition to Plaintiffs' Motion to Compel is publicly available in redacted form at ECF No. 93-3.

business models and commercial strategies, thereby competitively disadvantaging Defendants and/or non-parties." *Id.* at 3. For reasons substantially similar as explained above—that is, to protect Defendants' and non-parties' sensitive commercial information—the Court **GRANTS** Defendants' sealing request with respect to Plaintiffs' Reply, ECF No. 98,[8] and the declaration attached to the Reply, ECF No. 98-1.[9] ECF Nos. 98 and 98-1 shall remain under seal with access limited to the applicable parties.

o  Exhibits 1 to Plaintiffs' Reply. Exhibit 1 contain Plaintiffs' responses to Defendants' "exhibit-by-exhibit analysis of why the *Fremont* exhibits Plaintiffs seek to compel are irrelevant or else not proportional to the needs of the case," which was submitted as Exhibit C to Defendants' Opposition to Plaintiffs' Motion. Or, put simply, Plaintiffs' Exhibit 1 to their Reply is a chart that lists each sealed exhibit in the *Fremont* case and why each party thinks it should or should not be discoverable. For the same reasons as the Court found that the two Exhibit Cs above should be sealed, the Court finds that Exhibit 1 should be partially sealed and **GRANTS** Defendants' request with respect to it. Exhibit 1 to Plaintiffs' Reply, ECF No. 98-2 shall remain under seal with access limited to the applicable parties.[10]

o  Exhibit 2 to Plaintiffs' Reply. Exhibit 2 is "an index of the *Fremont* exhibits that Defendants have produced or agreed to produce. These exhibits contain descriptions of the *Fremont* exhibits and/or *Fremont* trial transcripts that are sealed in the *Fremont* action." Defs.' Letter Mot. to Seal at 2, ECF No. 100. Having reviewed Defendants' proposed redactions at ECF No. 100-4, the Court **DENIES** this request without prejudice. Defendants' proposed redactions are not narrowly tailored. For example, Defendants propose redacting the titles of presentations listed in the index, but these titles, as opposed to the content of the slide decks, do not reveal confidential or sensitive commercial information that should be shielded from disclosure. While some of the information covered by the proposed redactions is sealable under Second Circuit caselaw (e.g., the names of non-parties), the request is, as a whole, not sufficiently narrowly tailored.

o  Exhibits 3-7 and 17-22 to Plaintiffs' Reply. ECF Nos. 98-4, 98-5, 98-6, 98-7, 98-8, 98-9, 98-10, 98-11, 98-12, 98-13, and 98-14. These exhibits contain Defendants' and third parties' sensitive commercial information as well as personally identifying information about non-parties to this case. For the reasons explained above with respect to Defendants' sealing request of Exhibit C to Plaintiffs' Motion, the Court **GRANTS** Defendants' request with respect to permanent sealing

---

[8] Plaintiffs' Reply is publicly available in redacted form at ECF No. 100-1.

[9] The declaration appended to Plaintiffs' Reply is publicly available in redacted form at ECF No. 100-2.

[10] Exhibit 1 to Plaintiffs' Reply in Support of their Motion to Compel is publicly available in redacted form at ECF No. 100-3.

of Exhibits 3-7 and 17-22 to Plaintiffs' Reply.  These exhibits shall remain under permanent seal with access limited to the applicable parties.

o   Exhibits 15 and 16 to Plaintiffs' Reply.  Defendants claim that they "inadvertently produced, without confidentiality designations," these documents, which are "presentation decks on [Defendants'] Out-of-Network programs."  Having reviewed the exhibits, the Court agrees that they are "commercially sensitive documents" that "reflect Defendants' business solutions for their self-funded plan sponsors," and **GRANTS** Defendants' sealing request.  The Clerk of Court is respectfully requested to place these documents under seal with access limited to the applicable parties.

* * *

For the reasons stated above:

- Plaintiffs' Motion to Compel, ECF No. 90, is GRANTED.

- Plaintiffs' Motion for Leave to file their Reply, ECF No. 98, is GRANTED IN PART NUNC PRO TUNC, as set forth *supra* n.1.

- Exhibit C to Plaintiffs' Motion to Compel, ECF No. 89-1, shall remain under seal with access limited to the applicable parties.

- Exhibit C to Defendants' Reply to Plaintiffs' Motion to Compel, ECF No. 94-3, shall remain under seal with access limited to the applicable parties.

- Plaintiffs' Reply in Support of their Motion to Compel, ECF No. 98, shall remain under seal with access limited to the applicable parties.

- The Declaration of Caroline E. Reynolds, ECF No. 98-1, shall remain under seal with access limited to the applicable parties.

- Exhibit 1 to Plaintiffs' Reply, ECF No. 98-2, shall remain under seal with access limited to the applicable parties.

- Exhibit 2 to Plaintiffs' Reply, ECF No. 98-3, shall remain temporarily under seal with access limited to the applicable parties.  Any renewed request for permanent sealing of this document shall be filed **by May 20, 2025**.  Any such request shall be made in accordance with this Court's Individual Rule 6(d), shall be accompanied by a version of Exhibit 2 with appropriately narrowly tailored redactions, and shall contain citations to relevant legal authorities supporting that sealing request.

- Exhibits 3-7 and 17-22 to Plaintiffs' Reply, ECF Nos. 98-4, 98-5, 98-6, 98-7, 98-8, 98-9, 98-10, 98-11, 98-12, 98-13, and 98-14, shall remain under seal with access limited to the applicable parties.

- Exhibits 15 and 16 to Plaintiffs' Reply, ECF Nos. 99-9 & 99-19, shall be placed under seal with access limited to the applicable parties.

The Clerk of Court is respectfully directed to place ECF Nos. 99-9 and 99-10 under seal with access limited to the applicable parties. The Clerk of Court is also respectfully directed to terminate ECF Nos. 89, 90, 92, 97, 98, and 100.

SO ORDERED.

Dated:  May 6, 2025
        New York, New York

_____
            DALE E. HO
      United States District Judge

11