
# GIBSON DUNN

Heather L. Richardson
Partner
T: +1 213.229.7409
M: +1 213.400.7802
hrichardson@gibsondunn.com

May 20, 2025

<u>VIA ECF</u>

United States District Hon. Judge Dale E. Ho
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

Re:   *Popovchak v. United Healthcare Services, Inc.*, No. 1:22-cv-10756-DEH (S.D.N.Y.)—
Letter Regarding Defendants' Renewed Request for Sealing of Exhibit 2 to Plaintiffs'
Reply in Support of Motion to Compel

Dear Judge Ho:

Pursuant to Rule 6(d) of this Court's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and the Court's Order dated May 6, 2025 (Dkt. 114) ("Sealing Order"), Defendants respectfully submit this letter requesting that limited portions of Exhibit 2 to Plaintiffs' Reply in Support of Motion to Compel Discovery (Dkt. 98-3) ("Exhibit 2") remain under seal.  All of the content that Defendants seek to seal has or should have been designated by Defendants as "Confidential" or "Attorneys' Eyes Only" under the Stipulated Discovery Protective Order (Dkt. 58).

## 1.  <u>Background</u>

In the Court's Sealing Order, the Court granted all but one of Defendants' requests to seal certain documents.  *See* Sealing Order at 6–11.  With respect to Exhibit 2, the Court found that "[w]hile some of the information covered by the proposed redactions is sealable under Second Circuit caselaw (e.g., the names of non-parties)," other proposed redactions (e.g., redactions to the titles of presentations, as opposed to the content of those presentations) were not sufficiently narrowly tailored.  *Id.* at 9.  The Court permitted Defendants to submit a renewed sealing request, accompanied by more narrowly tailored redactions and citations to relevant authorities, by May 20, 2025.  *Id.* at 10.  In keeping with the Court's guidance, Defendants have significantly narrowed their proposed redactions to Exhibit 2 and respectfully submit this renewed request.

## 2.  <u>Legal Standard</u>

This Court may maintain information under seal if "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  As the Court recognized in its Sealing Order (*see* Sealing Order at 7–9), the "higher values" that support sealing information generally include "personal privacy interests, . . . and the protection of competitively sensitive business information."  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 7126251, at *2 (S.D.N.Y. Oct. 30,

# GIBSON DUNN

United States District Judge Hon. Dale E. Ho                    May 20, 2025
Southern District of New York                                   Page 2

2023).  And where, as here, a sealing request arises out of a discovery dispute, the reasons for sealing "need not be as compelling as those required to seal summary judgment filings."  Sealing Order at 7 (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)).  Moreover, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" of competing values.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents").  Notably, courts routinely grant tailored requests to seal competitively sensitive business information of parties and non-parties. *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) ("[C]ourts in this Circuit routinely permit parties to redact sensitive financial information . . . .") (collecting cases); *see, e.g., Spectrum*, 2023 WL 7126251, at *2 (granting motion to seal exhibits that "contain proprietary and sensitive business information"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" because "the privacy interests of the defendants outweigh the presumption of public access"); *Royal Park Invs. SA/NV v. Wells Fargo Bank*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (granting motion to redact documents "containing sensitive business information from nonparties").

3.  **Exhibit 2 to Plaintiffs' Reply in Support of Motion to Compel Discovery (Dkt. 98-3)**

Defendants ask the Court to seal limited portions of Plaintiffs' Exhibit 2, which is an index of the *Fremont* exhibits that Defendants have produced or agreed to produce.  Exhibit 2 contains descriptions of the *Fremont* trial exhibits and direct quotations from the *Fremont* trial transcripts that were, and remain, sealed in the *Fremont* action.  As explained in Defendants' prior sealing letters and as recognized by the Court, the *Fremont* exhibits and transcripts contain highly confidential and/or commercially sensitive information that reveals the business strategies or financial results of United, UMR (a defendant in the *Fremont* action but not a defendant in this case), and MultiPlan and Data iSight (non-parties in the *Fremont* action and in this case).  *See* Sealing Order at 8–9; *see also* Dkts. 92, 100.  Disclosure of this information would give Defendants' and/or these non-parties' competitors valuable insights into their business models and commercial strategies, thereby competitively disadvantaging Defendants and/or non-parties. Because these harms outweigh the presumption of public access in these discovery materials, Defendants respectfully request the Court seal them.  *Brown*, 929 F.3d at 50; *Telegram Grp.* 2020 WL 3264264, at *3.

Defendants submit a redacted version of Exhibit 2 herewith that reflects Defendants' narrowly tailored redactions.  Consistent with the Court's guidance, Defendants have removed redactions to the titles of all presentations listed in the index, leaving only very narrow redactions for direct quotations/summaries revealing the content of the sensitive information contained within the documents at issue.  In addition, Defendants' proposal redacts the names of a select number of individuals who are not a party to this lawsuit or involved as witnesses, and whose identities are not pertinent to the instant dispute.  *See* Sealing Order at 9 (noting that "the names of non-parties" are "sealable under Second Circuit caselaw"); *see also, e.g.*, *Rowe v. Google LLC*, 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (redaction of employee's identity was "'narrowly tailored'

# GIBSON DUNN

United States District Judge Hon. Dale E. Ho                    May 20, 2025
Southern District of New York                                              Page 3

to protect the non-party's privacy interest" (quoting *Lugosch*, 435 F.3d at 120)); *Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *5 (S.D.N.Y. Sept. 25, 2023) (permitting sealing the names of third parties, including employees of defendant, given that "disclosure of their names at summary judgment would add little to the public's understanding of this Court's ruling").

\*     \*     \*

For the foregoing reasons, Defendants respectfully renew their request for permanent sealing of the redacted portions of Exhibit 2 (Dkt. 98-3) reflected in Defendants' proposal attached herewith.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Heather L. Richardson*        Heather L. Richardson

                                                            HLR

                                                            Cc: All counsel (via ECF)

Application GRANTED. The Court finds the document in question is a "judicial document" to which a high presumption of public access attaches. But because the document was filed in connection with a discovery dispute, the presumption of public access is "somewhat lower" than if it had been filed in connection with a dispositive motion, and "the reasons [a party provides in favor of sealing] . . . need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The Court is satisfied that the protection of commercially sensitive information meets this burden, and that the proposed redactions are narrowly-tailored in this respect. *See Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023). The Clerk of Court is directed to maintain the unredacted document at ECF No. 98-3 under seal. A redacted version may be found on the public docket at 116-1.

The Clerk of Court is respectfully directed to close ECF No. 116.

SO ORDERED.

Dated: February 18, 2026                                     Dale E. Ho
New York, New York                                           United States District Judge