

Caroline E. Reynolds
PARTNER
Zuckerman Spaeder LLP
creynolds@zuckerman.com
(202)778-1859

VIA ECF

August 14, 2025

United States District Judge Dale Ho
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

      Re:    *Popovchak et al. v. UnitedHealth Group Incorp. et al.*, No. 1:22-cv-10756
            (S.D.N.Y.), Letter-Motion to Redact Filing.

Dear Judge Ho:

Pursuant to Individual Rule 6(d), Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, the Non-Party Provider Offices ("Non-Parties") respectfully request permission to redact portions of Exhibit E of Defendants' Motion to Compel Certain 30(b)(6) Deposition Topics. ECF 121-5. Defendants have filed a copy of the exhibit with proposed redactions on the Court's public docket (ECF 121-5) and an unredacted copy under seal (ECF 122-1). This letter is timely as it was filed within three business days of Defendants' Motion to Seal. Individual Rule 6(d)(i); ECF 120.

Exhibit E is a transcript of Dr. Sean Bidic's 30(b)(1) deposition. Dr. Bidic is a non-party who provided medical services to one of the Named Plaintiffs. During the parties' meet and confer, the Non-Parties agreed to withdraw the confidentiality designation as to most of the contested deposition transcripts.[1] The only remaining confidentiality designations apply to limited portions of Dr. Bidic's deposition transcript that concern commercially sensitive information.

The presumption of public access to judicial documents can be overcome by a number of countervailing interests, such as the preservation of a party's privacy interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts weigh the presumption of access against factors that cut against disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995). The presumption may be overcome and documents may be redacted "if

---

[1] The withdrawal of these confidentiality designations only apply to the testimony, not the underlying exhibits, of the contested portions of the deposition transcripts. ECF 121-11 at 2.

specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Here, the minimal proposed redactions are narrowly tailored to information that is commercially sensitive for Dr. Bidic's medical practice. Dr. Bidic requests redactions for only five pages of testimony that relate to his office's business practices with respect to collection of payments from patients, appealing benefit claims to payors, and escalating issues to the office's legal team. This testimony is commercially sensitive because the testimony reveals internal decision-making that outlines how, when, and under what circumstances payments for benefit claims are accepted, appealed, or escalated. If made public, this information could undermine the non-party medical practice's position in negotiations and litigation, giving both competitors and counterparties an edge. The redacted information—Dr. Bidic's practice's high-level policies that are unrelated to the services provided to Named Plaintiffs—also "sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Further, courts in this Circuit regularly grant requests to redact and seal documents containing commercially sensitive information. *See, e.g.*, *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting redactions of pricing terms offered to non-party clients); *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting narrowly tailored redactions of confidential information concerning clients and revenue).

Dr. Bidic thus respectfully requests that the Court issue an order permitting the redaction of Exhibit E to Defendants' Motion to Compel.

Application **GRANTED**. The document in question was submitted in connection with a motion to compel non-party depositions and is therefore a judicial document to which a presumption of public access attaches. Because the document was filed in connection with a discovery dispute, however, the presumption of public access is "somewhat lower" than if it had been filed in connection with a dispositive motion, and "the reasons [a party provides in favor of sealing] . . . need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The Court is satisfied that the protection of commercially sensitive information meets this burden, and that the proposed redactions are narrowly-tailored in this respect. *See Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023). The Clerk of Court is directed to maintain the unredacted document at ECF No. 122-1 under seal. A redacted version may be found on the public docket at 121-5. The Clerk of Court is respectfully directed to close ECF Nos. 120, 122, and 123.

SO ORDERED.

Dated: February 18, 2026
New York, New York

Dale E. Ho
United States District Judge