UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Popovchak et al.,

Plaintiffs,

v.

UnitedHealth Group Incorporated et al.,

Defendants.

22-CV-10756 (DEH)

ORDER

DALE E. HO, United States District Judge:

Plaintiffs and Defendants have filed two motions to seal related to Plaintiff's motion to compel Defendants to produce documents withheld as privileged. ECF Nos. 151 & 164. These motions are **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

The documents the parties request to seal are "judicial documents" to which a presumption of public access attaches. *Mirlis v. Greer*, 952 F.3d. 51, 58 (2d Cir. 2020). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). For documents filed in connection with a discovery dispute, however, the presumption of public access is "somewhat lower" than if they had been filed in connection with a dispositive motion, and "the reasons [a party provides in favor of sealing] . . . need not be as compelling as those required to seal summary judgement filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

## I. Plaintiffs' Motion to Seal Plaintiffs' Motion to Compel and Related Exhibits

Plaintiffs move to seal their letter motion to compel, ECF No. 152, and various exhibits attached to it, ECF nos. 152-1 through 152-6, because these documents were marked "Confidential" by Defendants pursuant to the Stipulated Protective Order in this case, or quote

from such purportedly confidential documents. *See* ECF No. 151. Defendants' response clarifies that they seek wholesale sealing of some of these documents and redaction of others, and do not request sealing with respect to two of them. The various documents are discussed in turn below.

**Exhibits A and B.** In their response, Defendants request that Exhibits A and B, ECF Nos. 152-1 and 152-2, remain under seal in their entirety. ECF No. 158. Exhibit A is Defendants' privilege log, which "includes descriptions of documents that have been designated as confidential or that would qualify for confidential protections under the Protective Order . . . because they contain 'competitively sensitive confidential business information'" and "reflects the authors, senders, and recipients of withheld or redacted documents, and contains a table identifying the names, titles and affiliated companies for over 850 of the individuals identified on Defendants' privilege log." *Id.* at 1-2. Exhibit B is a document created by Plaintiffs that includes excerpted portions of Exhibit A. *Id.*

The Court finds that this request is not narrowly tailored sufficient to overcome the presumption of public access. The mere existence of a confidentiality order, without more, does not defeat the presumption of public access to judicial documents. *Lugosch*, 435 F.3d at 125-26. Portions of the privilege log, surely, should remain under seal, for example those portions that include identifying personal information. However, the Exhibits contain nearly 1,200 entries, and not all of those entries include confidential business information or personal identifying information. Further, *descriptions* of confidential documents may not, in and of themselves, be confidential. For example, describing a document as a presentation from legal counsel about proposed changes to a policy or plan does not describe confidential business information or personal identifying information. Thus, the motion to seal Exhibits A and B in their entirety is **DENIED WITHOUT PREJUDICE**.

**Exhibits D through F.** Defendants request that Exhibits D through F, ECF Nos. 152-4 through 152-6 be partially sealed. Defendants describe Exhibits D-F as "documents Defendants initially withheld based on a claim of privilege" and that "were designated as Confidential when they were produced." *Id.* at 2. Defendants, however, ultimately produced these documents. *Id.* Defendants do not believe these documents require sealing, except with respect to "the names and email addresses of Defendants' employees who received the documents" because they "are not relevant to the Court's determination of the issues raised in Plaintiffs' Motion." *Id.* The Court finds Defendants' proposed redactions narrowly tailored to protect personal identifying information. Plaintiffs' motion to seal Exhibits D-F is thus **GRANTED IN PART**. The unredacted versions of these exhibits, ECF Nos. 152-4 through 152-6 shall remain under seal. The redacted versions of these documents may be found on the public docket at ECF Nos. 159-1 through 159-3.

**Plaintiffs' Letter Motion to Compel and Exhibit C**. Exhibit C, 152-3, reflects descriptions of Exhibits D-F provided by Defendants in previous versions of privilege logs. *Id.* "Defendants have . . . determined that neither Plaintiffs' Motion [ECF No. 152] nor Exhibit C . . . need to be filed under seal." *Id.* Accordingly, the motion to seal Plaintiffs' motion to compel and Exhibit C is **DENIED** as moot. ECF Nos. 152 and 152-3 shall be unsealed.

## II. Motion to Seal Defendants' Response in Opposition to Plaintiff's Motion to Compel

Defendants separately request that limited portions of Defendants' opposition to Plaintiffs' motion to compel, specifically those portions "that reflects information from their privilege log." ECF No. 164. As previously discussed, the proposed redactions of the privilege log are not narrowly tailored, and thus Defendants' motion to seal portions of its opposition to Plaintiffs' motion to compel is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the portions of the motions to seal that the Court has denied, the parties may nevertheless file a renewed motion to permanently maintain the documents or portions of the content therein (ECF Nos. 152-1, 152-2, and 165) under seal. The renewed motion shall include the portions of the motion to seal that the Court granted in part in accordance with this order. Such motion must specify with precision the proposed basis for sealing or making particular redactions, with citations to relevant authority. Any proposed redactions must be narrowly tailored to serve the interests invoked. The parties shall also file proposed redacted versions of the subject documents (including all attachments) on the public docket. The motion shall state whether there are any objections to the proposals for sealing and/or redactions. Any such motions shall be filed no later than **July 28, 2026**. If no such motion is filed by that date, the Court will direct that ECF Nos. 152, 158, and 165 shall be unsealed in their entirety. If any such motion is filed, the Court will maintain those documents under temporary seal pending resolution of the motion.

The Clerk of Court is respectfully directed to unseal ECF No. 152 and 152-3, while maintaining ECF Nos. 152-1, 152-2, 152-4, 152-5, 152-6, and 165 under seal, subject to a renewed motion with respect to certain of these documents, as described above.

The Clerk of Court is further directed to close ECF Nos. 151 and 164.

SO ORDERED.

Dated: July 14, 2026
New York, New York

DALE E. HO
United States District Judge