UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Popovchak et al.,

Plaintiffs,

v.

UnitedHealth Group Inc. et al.,

Defendants.

22-CV-10756 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On July 16, 2026, the Court held a discovery conference to resolve two pending motions to compel brought by Plaintiffs ("Plaintiffs" or "Popovchak") against Defendants (collectively, "Defendants" or "United"), ECF No. 152, and non-party MultiPlan, ECF No. 161, respectively. The motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. Plaintiffs' Motion to Compel United

Plaintiffs move to compel United to produce documents that they allege have been improperly withheld on privilege grounds. Having considered the parties submissions and the arguments presented at the conference, the Court rules as follows:

a. Attorney-Client Privilege

*i. Entries with no attorney listed*

Plaintiffs identify entries on United's privilege log where no attorney is listed. Mot. Compel United, Ex. B-1, ECF No. 152-2. The motion to compel on this ground is **DENIED**. "[C]ourts have recognized the necessity of corporate employees discussing advice received by one agent of the corporation." *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 598 (S.D.N.Y. 2015). "[T]he distribution within a corporation of legal advice received from its counsel does not, by itself, vitiate the privilege." *Strougo v. BEA Associates*, 199 F.R.D. 515, 519–20 (S.D.N.Y.

2001). Thus, the mere fact that there is no attorney listed on a privilege log entry for a document is not, by itself, dispositive with respect to the attorney-client privilege—provided that the description of a document itself is sufficient to support the party's privilege assertion. Here, because Plaintiffs do not otherwise challenge the adequacy of United's privilege assertion (i.e., the description) with respect these documents, their motion as to these documents is denied.

*ii. Entries with no author listed*

Plaintiffs identify entries on the privilege log where no author is listed. Mot. Compel United, Ex. B-2. The motion to compel on this ground is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall supplement the privilege log with author information, to the extent it exists, by **July 31, 2026**. If no author information exists for particular communications or documents, Defendants shall so certify to Plaintiffs by the same date.

*iii. Entries with no recipient listed*

Plaintiffs identify entries on the privilege log where no recipient is listed. *Id.*, Ex. B-3. The motion to compel on this ground is **GRANTED IN PART** and **DENIED IN PART**. To the extent any entries on this list involve emails, Defendants shall supplement the privilege log with a complete list of recipients for such documents by **July 31, 2026**. The motion to compel on this ground is **DENIED** for all documents that are not emails or other forms of communications.

*iv. Withheld email chains*

Plaintiffs identify entries on the privilege log where entire email chains have been withheld. *Id.*, Ex. B-4. The motion to compel on this ground is **DENIED WITHOUT PREJUDICE**. Plaintiffs do not challenge the privilege assertions on the most recent email on each withheld email chain. Defendants represent that, for earlier emails contained within such a chain, they have either (1) produced (in redacted form) any such emails not covered by attorney-client privilege, or (2) withheld any such emails documents that are properly covered by the privilege, for the reasons

asserted with respect to the parent document. Plaintiffs have not offered a cogent basis to challenge the adequacy of any privilege assertions with respect to any particular documents in this second category, i.e., they do not contest the adequacy of the privilege assertions of the most recent email in these chains. The request is therefore denied.

*v. Entries with unidentified individuals*

Plaintiffs identify entries on the privilege log where Defendants have included the names of unidentified individuals. *Id.*, Ex. B-5. The motion to compel on this ground is **GRANTED IN PART** and **DENIED IN PART**. By **July 31, 2026**, Defendants shall provide Plaintiffs with the title and department for any unidentified individuals. To the extent Plaintiffs seek additional information regarding these individuals, the motion is not, on the current record, necessary to assess Defendants' privilege assertion, and is therefore **DENIED WITHOUT PREJUDICE**.

*vi. Entries with descriptions regarding "information" or that "reflect" legal advice*

Plaintiffs identify entries on the privilege log where the descriptions offered by Defendants make reference to "information," which Plaintiffs contend is not protected by the privilege, or state that the documents "reflect" legal advice, which Plaintiffs say is insufficient to establish that the privilege applies. *Id.*, Exs. B-6 & B-7. The motion to compel on this ground is **DENIED**. With respect to "information" contained in otherwise protected communications, such material is not covered by the privilege in particular circumstances (i.e., an extrinsic document totally unrelated to the privileged communication). But there is no indication that such circumstances are present here, and therefore no basis to question Defendants' otherwise valid privilege assertion. *Cf. In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 529 (S.D.N.Y. 2015) (explaining "the fact that certain *information* in [otherwise protected] documents might ultimately be disclosed," or "that certain *information* might later be disclosed to others,' does not, by itself, 'create the

factual inference that the *communications* were not intended to be confidential at the time they were made." (emphasis in original)).

With respect to the use of the word "reflect," the Court is satisfied, based on Defendants' counsel's representations at the conference that this locution was intended to convey that the documents in question "contain" legal advice, that Defendants have adequately asserted the privilege.

In sum, the Court has reviewed Defendants' descriptions of these documents, and concludes that they meet Defendants' burden to "set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 144 (S.D.N.Y. 2004).

b. Work-Product Doctrine

Plaintiffs challenge all entries where Defendants invoke the work-product privilege. *Id.*, Ex. B-9. The motion to compel on this ground is **DENIED**. The Court has reviewed Defendants' descriptions of these documents, and concludes that they are sufficiently detailed that, if credited, are sufficient to support Defendants' assertions of the work-product doctrine. *See Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. at 144.

c. Common-Interest Privilege

Plaintiffs challenge all entries where Defendants invoke the common-interest privilege. *Id.*, Ex. B-10. The motion to compel on this ground is **DENIED**. The Court has reviewed Defendants' descriptions of these documents, and concludes that they are sufficiently detailed that, if credited, are sufficient to support Defendants' assertions of the common-interest privilege. *See Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. at 144.

d. Fiduciary Exception

Plaintiffs urge the Court to apply the fiduciary exception to communications where Defendants assert the attorney-client privilege and that the Court has not deemed the privilege to be waived. The Court reserves judgement on the fiduciary exception at this time.

**II. Plaintiffs' Motion to Compel MultiPlan**

Plaintiffs move to compel non-party MultiPlan to produce documents pursuant to a third-party subpoena. The Court rules as follows:

a. RFP 6

Plaintiffs seek documents showing how MultiPlan knows when to use MultiPlan's Data iSight Service methodology versus a different methodology to price United claims. ECF No. 161, at 1. The motion to compel production on this ground is **GRANTED IN PART**. The Court notes that this request seems more appropriately related to Plaintiffs' RFP 3, ECF No. 161-1, at 14; however, whether pursuant to RFP 3 or 6, MultiPlan did not raise objections to either request on the basis of undue burden in its responses. ECF No. 161-2. In any event, based on the current record, the Court concludes that granting the motion in full with respect to this information is not proportional to its asserted relevance. Accordingly, MultiPlan is **ORDERED** to produce responsive documents limited to those documents showing when and how, at present, MultiPlan uses Data iSight versus another method to price a United claim by **September 15, 2026**. To the extent Plaintiffs seek historical information about these procedures, the motion is **DENIED WITHOUT PREJUDICE**.

b. RFP 9

Plaintiffs seek documents sufficient to identify MultiPlan-contracted providers during the relevant period. ECF No. 161, at 2. MultiPlan objects that the request is overbroad and disproportionate. *Id.* The motion to compel is **GRANTED IN PART**. Plaintiffs' proposed

narrowed stipulation is appropriately tailored to reduce the burden on MultiPlan while also providing necessary information for Plaintiff to exclude claims from the putative class. Accordingly, by **September 15, 2026**, MultiPlan is **ORDERED** to provide a stipulation or affidavit stating (a) whether the medical provider for each of the 103 Subpoenaed Claims was contracted with Multiplan on the date of service, and (b) attesting that MultiPlan will retain whatever records it possesses reflecting which medical providers had contracts with MultiPlan throughout the Responsive Period.

c. Cost Shifting

MultiPlan requests that costs associated with production be shifted to Plaintiffs to reduce the burden associated with production. This request is **DENIED**. Courts consider three factors when determining whether to shift costs: (1) a non-party's interest in the outcome of the case; (2) the ability of the non-party to bear the costs; and (3) the public importance of the litigation. *In re World Trade Ctr. Disaster Site Litig.*, 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010). Here, MultiPlan has an interest in the outcome of the case given its involvement with the issues giving rise to the litigation; based on the record before it, the Court cannot conclude that MultiPlan lacks the ability to cover the costs associated with the production; and the stakes of this litigation, which concern the amounts that members of employer-sponsored health benefit plans administered by United, are of substantial public import.

* * *

To the extent the parties seek an amendment to the Case Management Plan to account for the production ordered here, the parties must file a proposed amended Case Management Plan by **July 31, 2026**. The Clerk of Court is respectfully directed to terminate ECF No. 161.

SO ORDERED.

Dated: July 17, 2026
New York, New York

DALE E. HO
United States District Judge