UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Popovchak et al.,

Plaintiff(s),

v.

United Healthcare Services, Inc. et al.,

Defendant(s).

22-CV-10756 (DEH)

ORDER

DALE E. HO, United States District Judge:

Defendants have filed a renewed motion to seal related to Plaintiffs' motion to compel Defendants to produce documents withheld as privileged. ECF Nos. 189 (redacted version on the public docket) and 190 (unredacted version under seal). The motion is **GRANTED IN PART** and **DENIED IN PART**.

The documents Defendants request to seal are "judicial documents" to which a presumption of public access attaches. *Mirlis v. Greer*, 952 F.3d. 51, 58 (2d Cir. 2020). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). For documents filed in connection with a discovery dispute, however, the presumption of public access is "somewhat lower" than if they had been filed in connection with a dispositive motion, and "the reasons [a party provides in favor of sealing] . . . need not be as compelling as those required to seal summary judgement filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Defendants request that limited portions of the exhibits to Plaintiffs' motion to compel remain under seal. *See* Exhibit A, ECF No. 152-1 & ECF No. 190-1; Exhibit B, 152-2 & ECF No. 190-2; Exhibit D, 152-4 & ECF No. 190-3; Exhibit E, 152-5 & ECF No. 190-4; and Exhibit F,

ECF No. 152-6 & ECF No. 190-5. Defendants also request that limited portions of Defendants' opposition to the motion to compel—specifically those portions that cite information from Exhibit A that Defendants seek to seal—remain under seal. ECF No. 165 & ECF No. 190-6. The various documents are discussed in turn below

**Exhibits A and B.** Defendants previously sought to seal Exhibits A, ECF No. 152-1 & ECF No. 190-1, and B, ECF No. 152-2 & ECF No. 190-2, in their entirety. The Court denied the motion because the proposed redactions were not narrowly tailored. ECF No. 179. In the renewed motion to seal, Defendants argue that the columns in Exhibit A and B titled "All Custodians," "Author," "Recipients," "Additional Recipients," and "Attorney or Priv Actor" reflect personally identifying information. Additionally, Defendants seek to redact specific portions of Exhibits A and B that reflect confidential or sensitive information. Specifically, information relating to (1) non-public arbitration proceedings, (2) non-public investigations or inquires from government agencies, and (3) commercially sensitive negotiations with plan sponsors. The Court finds that these proposed redactions are narrowly tailored sufficient to overcome the presumption of public access. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (sealing personally identifying information and confidential commercial information); *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023) (sealing information related to arbitral proceedings); *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009) (sealing information regarding government investigation). The Court grants the motion to seal with respect to these columns of information.

Defendants offer no justification, however, for the proposed redactions of the "Combined Participant List" tab in Exhibit A, which it seeks to redact in full. The Court finds that this request is not narrowly tailored. As the Court's prior order stated, it may be the case that some of this information includes personal identifying information, such as the names of the people included

on the list. The Court fails to see, however, how the "Professional Title" and "Entity" of all entries will reveal such personal identifying information. For this reason, the motion to seal Exhibit A is **GRANTED IN PART and DENIED IN PART**. The motion to seal Exhibit B is **GRANTED** because Exhibit B does not include the "Combined Participant List" tab.

**Exhibits D through F.** Defendants request that limited portions of Exhibits D through F, ECF Nos 152-4 through 152-6, remain under seal. *See also* ECF Nos. 190-3, 190-4, 190-5. The Court previously granted a request to seal these documents in part. ECF No. 179. That portion of the Court's order remains undisturbed. Defendants' newly-proposed redactions (at ECF Nos. 189-3 through 189-5) are narrowly tailored in accordance with that ruling. Defendants' motion to seal the unredacted versions of these documents is therefore **GRANTED**.

**Defendants' Opposition to Plaintiffs' Motion to Compel.** Defendants request that limited portions of their opposition to Plaintiffs' motion to compel remain sealed because it includes excerpts from Exhibit A that they have proposed redactions of. ECF No. 165 & ECF No. 190-6. The motion to seal Defendants' opposition to Plaintiffs' motion to compel is **GRANTED** because it does not seek to seal excerpts from the "Combined Participant List" tab.

**CONCLUSION**

For the reasons explained above, the parties' motion to seal, EF No. 189, is **GRANTED IN PART and DENIED IN PART**, as follows:

- The request to redact portions of Defendants' Opposition to Plaintiffs' Motion to Compel is **GRANTED**. The unredacted versions of that document, ECF Nos. 165 and 190-6, shall remain under seal. A redacted version of the document is available on the public docket at ECF No. 189-6.
- The request to redact Exhibits B, and Exhibits D through F to Plaintiffs' Motion to Compel, is **GRANTED**. The unredacted versions of those documents, ECF Nos. 152-2 and 152-4 through 152-6, and ECF Nos. 190-2 through 190-5, shall remain under seal. Redacted versions of these documents are available on the public docket at ECF Nos. 189-2 through 189-5.

- The request to redact Exhibit A to Plaintiffs' Motion to Compel is **GRANTED IN PART and DENIED IN PART**. The unredacted versions of that document, ECF No. 152-1 & ECF No. 190-1, shall remain under seal. Instructions as to filing a redacted version of Exhibit A may be found below.

If any party timely appeals this ruling with respect to Exhibit A, they shall file a status letter with the Court so indicating, in which case the portion of this Order denying sealing in part with respect to Exhibit A shall be automatically stayed pending resolution of the appeal. If no such appeal is taken, Plaintiff shall file a redacted version of Exhibit A in accordance with this ruling (i.e., redacting only the information permitted to be redacted in accordance with this Order, including only personal identifying information in the "Combined Participant List" tab) within 30 days of the date of this Order.

The Clerk of Court is respectfully directed to terminate ECF No. 189.

SO ORDERED.

Dated: August 4, 2026
New York, New York

DALE E. HO
United States District Judge