UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA POPOVCHAK, et al.,
Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., et al.,
Defendants.

22-CV-10756 (DEH)

ORDER

DALE E. HO, United States District Judge:

On September 28, 2026, Plaintiffs filed a renewed motion to compel production of certain documents that were withheld based on attorney-client privilege. Pls.' Renewed Mot. Compel ("Mot."), ECF No. 205.[1] Plaintiffs identified 440 documents[2] that they argue are subject to the fiduciary exception to attorney-client privilege under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. *See* Mot. at 1. Plaintiffs first request that the Court conduct an *in camera* review of nineteen exemplar documents.[3] *Id.* at 4. Defendants filed a memorandum in opposition on October 19, 2026. ECF No. 211. Plaintiffs filed a reply on November 2, 2026. ECF No. 213.

"Federal district courts have broad discretion in ruling on a motion to compel discovery," *Johnson v. United States*, 832 F. Supp. 3d 290, 296 (S.D.N.Y. 2026), subject to the limitations of

[1] The renewed motion to compel was filed under seal at ECF No. 205. A redacted version was filed at ECF No. 204.

[2] Plaintiffs initially identified 448 documents; Defendants have since conceded that eight should be produced. *See* Defs.' Opp'n Pls.' Renewed Mot. Compel ("Opp'n") at 6 n.1, ECF No. 211.

[3] Plaintiffs initially requested *in camera* review of twenty documents; one such document is among the eight that Defendants have now agreed to produce. *See* Reply Supp. Pls.' Mot. Compel ("Reply") at 2, ECF No. 213.

Federal Rule of Civil Procedure 26(b). And "[d]istrict courts have the inherent power to hold in camera proceedings," including to assess whether an exception to a privilege applies. *In re United States*, 565 F.2d 19, 23 (2d Cir. 1977). Before ordering *in camera* review, courts "should require a showing of a factual basis adequate to support a good faith belief by a reasonable person" that the review will bear fruit. *United States v. Zolin*, 491 U.S. 554, 572 (1989).

In ERISA cases, the "fiduciary exception" provides that a plan administrator is "disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *In re Long Island Lighting Co.* [*LILCO*], 129 F.3d 268, 272 (2d Cir. 1997). The exception applies only when "the communication concern[s] a fiduciary obligation to the beneficiary"; "[l]egal advice concerning non-fiduciary matters remains privileged and is not subject to the fiduciary exception." *McFarlane v. First Unum Life Ins. Co.*, 231 F. Supp. 3d 10, 14 (S.D.N.Y. 2017) (citing *LILCO*, 129 F.3d at 271-73). Under ERISA, an entity acts in a fiduciary capacity when it "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Whether the fiduciary exception applies to a particular communication is a "fact-specific" question that depends on "both the content and context of the specific communication." *Asuncion v. Metro. Life Ins. Co.*, 493 F. Supp. 2d 716, 720 (S.D.N.Y. 2007). That is because a plan administrator may act as a fiduciary in some contexts but not others. *See Pegram v. Herdrich*, 530 U.S. 211, 225 (2000) (A "trustee under ERISA may wear different hats."). For example, an administrator "does not act as a fiduciary when it decides to form, amend, or terminate a plan," *LILCO*, 129 F.3d at 272, "seeks legal advice for [its] own protection," *Asuncion*, 493 F. Supp. 2d at 720, or makes what is, "at its core, a corporate business decision," *Flanigan v. Gen. Elec. Co.*,

242 F.3d 78, 88 (2d Cir. 2001). But an administrator *does* act in fiduciary capacity when it seeks legal advice related to "plan interpretation" or the "computation of . . . benefits," *Jones v. Life Ins. Co. of N. Am.*, No. 08 Civ. 03971, 2015 WL 5770797, at *2 (N.D. Cal. Oct. 2, 2015), communicates with beneficiaries about plan terms, *see Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996), or makes discretionary calculations regarding the compensation owed to it under the plan, *see Tiara Yachts, Inc. v. Blue Cross Blue Shield of Mich.*, 138 F.4th 457, 468 (6th Cir. 2025).

Here, Plaintiffs have identified nineteen "exemplar" documents across five categories to which they argue the fiduciary exception may apply. Plaintiffs' proposed categories are as follows: (1) administration of individual claims, (2) policies and programs applied systemically to reimbursement decisions, (3) statutory and regulatory compliance, (4) fee collection, and (5) documents purportedly concerning "plan design." *See* Mot. at 6-14. For each category, Plaintiffs argue that *in camera* review will aid the Court in determining whether the fiduciary exception requires disclosure of at least some of the 440 identified documents. Defendants do not dispute that, as claims administrators, they sometimes engage in fiduciary conduct under ERISA. *See* Opp'n at 4. Nor do Defendants dispute that for each of the five categories, there are at least some circumstances under which the fiduciary exception could apply as a matter of law. *See id.* at 5-14. Rather, Defendants maintain that the fiduciary exception does not subject the particular documents that Plaintiffs have identified to disclosure.

*In camera* review of the nineteen exemplar documents will assist the Court in resolving this dispute. And having reviewed the parties' submissions, the Court concludes that Plaintiffs have established the necessary factual basis for proceeding with *in camera* review. Defendants are therefore **ORDERED** to produce to the Court the nineteen remaining documents identified at ECF No. 205, Ex. 1, Tab B (less Priv. ID No. 1212) **by November 16, 2026**, for *in camera* review.

SO ORDERED.

Dated: November 12, 2026
New York, New York

DALE E. HO
United States District Judge